98 A.2d 76 (1953)
BOOZER et al.
v.
JOHNSON et al.
Court of Chancery of Delaware, New Castle.
June 17, 1953.
Vincent A. Theisen and Aubrey B. Lank, Wilmington, for plaintiffs.
John P. Sinclair, of the firm of Berl, Potter & Anderson, of Wilmington, for defendants.
*77 BRAMHALL, Vice Chancellor.
By virtue of an act of the General Assembly of the State of Delaware, 48 Delaware Laws, Chapter 152, after approval by the electors of the City of Newark and the electors of certain additional territory proposed to be annexed, the boundaries of the City of Newark were extended to include a large tract of land, the annexed land being several times the size of the original boundaries of the city. Prior to the annexation of this territory plaintiffs William C. Boozer and his wife, Evelyn Ruth Boozer, acquired certain pieces of real property on the public highway known as Capitol Trail in what was then White Clay Hundred, upon which they erected a building consisting of three stores and two apartments. Subsequent to the annexation of the territory in question, the Boozers entered into a written lease with the plaintiff Hein for one of the stores located in said building, one of the provisions of the lease being that in order for the same to become effective Hein should be successful in an application which he was making with the Delaware Liquor Commission for a license for the sale of alcoholic liquor. Subsequent to the original application of Hein, the Council of the City of Newark, pursuant to section 29 of Chapter 152, Laws of Delaware, 1949, appointed six individuals as members of a Planning Commission for the city and a Planning Commission was set up by the council a few weeks later.
On November 15, 1951, the Planning Commission set up by the city took up for consideration the question of the zoning of the land annexed to the City of Newark under the provisions of its charter and made its recommendations to council that the whole of the territory be limited to residential purposes only. The council, after a public hearing, notice of which was published in the "Newark Post", a paper of general circulation of the City of Newark, for more than fifteen days, amended the zoning ordinance of the city in accordance with the recommendations of the Planning Commission. Although the zoning ordinance of the city specified that notice by registered mail should be given to the owners of property affected by any proposed amendment, no attempt was made to comply with this portion of the ordinance. Plaintiff William C. Boozer was present at the meeting and protested the action of the council.
Plaintiffs contend that the action of the council is null and void in that, say the plaintiffs, the requirements of Title 22, Delaware Code, 1953, were not complied with as to notice and hearings, and, further, in that notice by registered mail was not given as required by the zoning ordinance of the city.
Defendants say that the provisions relative to the Zoning Commission relate only to the creation of the original ordinance and not to any amendments thereto. They contend that amendments to the ordinance are regulated by section 305 of Title 22, and that the provisions of this section relative to amendments were fully complied with through the action of the Planning Commission created by council under the authority of the city charter, which became effective subsequent to the passage of Title 22. Defendants further contend that the provision of the charter relative to registered mail, being an act of council, may be waived or ignored by any subsequent act of council disregarding this provision.
Municipalities have no inherent police power to zone property except as the legislature may delegate such power to it. Miller v. City of Memphis, 181 Tenn. 15, 178 S.W.2d 382, 151 A.L.R. 1172. In this state such power is given under Title 22, Delaware Code, 1953. In this act the legislature has set out the power of a municipality *78 relative to the passage and enforcement of a zoning ordinance. It also provides for the amendment or repeal of such an ordinance. In passing an amendment to an existent zoning ordinance, the provisions of the act relative to amendment thereto must be complied with or the amendment will be null and void. Public hearing and notice thereof as provided by the act must be given. A notice of such a hearing not given in compliance with the act is void. National Transportation Company, Inc., v. Toquet, 123 Conn. 468, 196 A. 344. Failure to provide for a public hearing, when such public hearing is required by statute, is equally fatal. Armourdale State Bank v. Kansas City, 131 Kan. 419, 292 P. 745. A provision that the zoning or planning commission must make its recommendation with reference to a proposed change may not be ignored. Whittemore v. Town Clerk of Falmouth, 299 Mass. 64, 12 N.E.2d 187.
A reference generally to the provisions of Title 22 is helpful. Section 301 thereof provides that the legislative body of a municipality "For the purpose of promoting health, safety, morals, or the general welfare of the community * * * may regulate and restrict". Section 302 provides for the division of the municipality into districts and for the regulation of those districts in a uniform manner for each class or kind of building throughout each district. Section 303 provides that the regulation shall be made in accordance with a "community plan". Section 304 provides that the legislative body shall determine the manner in which the regulations and restrictions and boundaries of districts shall be determined, established, and enforced and from time to time amended, supplemented or changed after public hearing, public notice of which shall be given at least fifteen days prior thereto. Section 305 provides for the amendment, supplementation, or repeal of any existing ordinance: (1) by making it necessary in case of protest by certain adjacent property owners, before any such amendment shall become effective that it be approved by three-fourths of the legislative body; and, (2) also stating that the provisions of section 304 relative to public hearings and official notice shall apply to this section. Section 306 authorizes the creation of a "Zoning Commission of three members * * * to recommend the boundaries of the various original districts and appropriate regulations". It is further provided in this section that "Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report. The legislative body shall not hold * * * hearings or take action [thereon] until it has received the final report of such commission".
A fair conclusion from the reading of the sections of the act as above referred to is that the appointment of the zoning commission is for the purpose of recommending only the boundaries of the original districts and the regulations with reference to them. Nothing at all is said therein with reference to amendments. While the provisions of this section requiring a preliminary report by the zoning commission, public hearing and a final report are deemed necessary to protect properly the rights of the citizens of a municipality and to insure the enactment of a carefully prepared ordinance, such procedure might be cumbersome and unnecessary in the case of an amendment. That this is so becomes clear when reference is made to section 305, which specifically provides for amendments and for the procedure to be followed in such cases. It is true that some of the provisions of section 304 are incorporated by reference in this section, but that relates solely to public hearings and official notice. The provisions of section 306 are not incorporated therein, either directly or by inference. It is not stated either in sections 304 or 305 that such hearings must be held by the zoning commission.
The City of Newark had previously enacted a comprehensive zoning ordinance, the validity of which is not in dispute in this proceeding. The act in dispute is amendatory to that legislation. It was passed by the council after recommendation of the planning commission and after full hearing before the council. Due notice was given of the hearing by publication in a newspaper of general circulation *79 in the City of Newark, as required by the statute. It is true, as contended by plaintiffs, that no attempt was made by council in passing the amendment to divide the territory added into industrial, commercial, and residential districts. But the new territory, by virtue of the amendment in question, becomes only a part of a comprehensive zoning ordinance previously enacted by the council of Newark, in which provision is made for all types of industries, businesses, and residences. It is also true that there is some indication in the proposed amendment and in the minutes of council that council anticipated that changes in the zoning of this territory may be necessary in the future. Nevertheless, there is nothing before me upon which I may conclude the action of council was in any way arbitrary or capricious.
The case of Hermann v. Incorporated Village of East Hills, Sup., 104 N.Y.S.2d 592, 594, affirmed 279 App.Div. 753, 109 N.Y.S.2d 182, appeal denied, 279 App.Div. 799, 110 N.Y.S.2d 283, is directly in point. In that case, one of the grounds urged for the invalidity of the amendment to a zoning ordinance was that the planning board, which was claimed to have functioned as a zoning commission, did not hold public hearings and did not submit and make a preliminary or final report to the legislative body of the municipality. The court refused to accept this contention, saying:
"The complaint further alleges that the ordinance is defective in failing to comply with the provisions of section 179-a in that in connection with the amendment to the zoning ordinance the planning board did not hold a public hearing nor did it make or submit to the board of trustees a preliminary report or final report. It is plaintiffs' contention that the planning board functions as the zoning commission and that it should have held a public hearing and made a report.
"There is no merit to this contention. It is clear that section 179-a, dealing with the appointment of a zoning commission, has to do with the situation where a village is about to enact a zoning ordinance for the first time. But that section does not govern amendments or changes thereafter to be made. Sections 178 and 179 of the Village Law cover such situations."
An examination of sections 178, 179, and 179-a, of the New York statute, discloses that they correspond closely to sections 304, 305, and 306, of Title 22. In fact, the language of sections 179 and 179-a of the New York statute is substantially the same as that of sections 305 and 306 of Title 22.
Plaintiffs contend that the amendment to the zoning ordinance is further invalid by reason of the fact that notice by registered mail was not given as required by the zoning ordinance of the City of Newark. Defendants contend that the zoning ordinance, being merely an act of city council and not a part of the charter or any other statute, may be waived or repealed, in whole or in part, expressly or by implication. Defendants further state that plaintiff William C. Boozer has waived any rights which he may have had to notice by reason of his being present and taking part at the meeting itself.
The original ordinance of the City of Newark provides, inter alia, that notice by registered mail must be given to the property owners affected by the change. Admittedly, no such notice was mailed. It is not shown that this rule was suspended or repealed by any positive act of the council. The amendment to this ordinance was passed unanimously by the council and there is no evidence tending to prove that any objection was made to the passage of the amendment on the ground of lack of this notice. The provisions of the act of the legislature were fully complied with in the passage of the amendments. The provision as to notice by registered mail was not a part of the requirement of the Act of the legislature: it is based entirely upon the provision of the ordinance of council. The council could therefore repeal such provision at its pleasure. Its action in proceeding to pass the amendment without giving notice as provided by the ordinance indicates the consent of that body to waive compliance with this provision. Coleman v. Louison, 296 Mass. 210, 5 N.E.2d 46; *80 Byfield v. City of Newton, 247 Mass. 46, 55, 141 N.E. 658, 662; Morris v. Cashmore, 253 App.Div. 657, 3 N.Y.S.2d 624, affirmed 278 N.Y. 730, 17 N.E.2d 143; Piper v. Moore, 163 Kan. 565, 183 P.2d 965.
The right of a legislative body to change, modify, or repeal a statute or ordinance has been approved by this court in the case of Keogh v. Mayor and Council of Wilmington, 4 Del.Ch. 491, in the following language:
"The ordinance is not a provision of the charter or statute; it is not a law, obligatory upon the city council and all concerned, but it is merely a direction from council to its agents  to `the officer or committee having such business in charge'  upon a subject resting wholly in its discretion; and any departure from the terms of the ordinance in a particular case, the council may, if it sees fit, sanction or adopt, quite as effectually as it might have ordered such exceptional proceeding in advance. The question whether the ordinance has been strictly followed is one between the council and its officers or committee * * *."
While this language has been described as dicta, I consider it a correct statement of the law as it may apply to ordinances of a city council. See Great Northern Ry. Co. v. Glover, 194 Wash. 146, 77 P.2d 598; State ex rel. Rylands v. Pinkerman, 63 Conn. 176, 28 A. 110, 22 L.R.A. 653.
I conclude that there is no merit to plaintiffs' contention that the amendment to the city ordinance of the City of Newark is invalid by reason of the failure to send notice by registered mail.
An order will be signed, on notice, in accordance with this opinion.