**SHOEMAKER, Plaintiff, v. GRANVILLE (Village) et, Defendants.**

Common Pleas Court, Licking County.

No. 44917. Decided December 2, 1958.

574

Norpell & Norpell, Newark, for plaintiff.
E. Clark Morrow, Newark, for defendants.
Hugh Sherer, Asst. Atty. Genl., for Attorney General of Ohio.

## OPINION

By HOLTSBERRY, J.

Plaintiff owns a tract of land in the area commonly known as Mt. Parnassus in Granville, Licking County, Ohio. He will require water and sewer facilities along Sinnett Avenue, for subdivision and devlopment. Sinnett Avenue is in the corporate limits of Granville.

Plaintiff negotiated with the Village Council for the extension of the water and sewer lines and enlargement of certain existing lines. A resolution was passed October 13, 1958, by the council authorizing and directing the Village Board of Trustees of Public Affairs to proceed, and for payment therefor, from existing water and sewer fund surpluses, respectively. On November 3, 1958, said board refused by acclamation to do as directed on the grounds that the proposed use of said fund surpluses was specifically prohibited by an old, 1930, ordinance, and also by §729.52 R. C.

As of October 13, 1958, there was a surplus balance of $16,159.60 in said sewer fund, and of $35,450.88 in said water fund.

Plaintiff has expended substantial sums in preliminary engineering and survey work, and is being damaged by resulting inactivity of heretofore initiated development. The several public officials of Granville who were present at the trial before this Court stated that the contemplated project would be a progressive step for Granville.

Section 4 of Ordinance 7-1 passed April 1, 1930, is couched in the same language as the pertinent portions of §929.52 R. C., formerly §3891-5 GC.

Conversely, and irreconciliably, on October 13, 1958, resolution 7-16 was passed authorizing said Sinnett Avenue sewer development. Section 1 provides: . . . . "and to pay the cost of said construction, together with the necessary engineering costs out of the sewer fund of said Village."

This Court is of the opinion, and so holds, that the later legislative act of the Granville Council effects a repeal of the earlier ordinance by implication. In legislative matters the last expression of the legislative will should prevail. If a legislative act is so repugnant to, or so contradictory of, or so irreconciliably in conflict with, a prior act that they cannot be harmonized to effect the purpose of their enactment, the latter should control, without any repealing clause, as a repeal of the first to the extent of the irreconciliable inconsistency. (25 Ruling Case Law, 914; Goff, et al., v. Gates, et al., 87 Oh St 142.)

The fact the later legislation is entitled a "Resolution," is not important herein. The character of a particular act of a municipal council as an ordinance or as a resolution is to be determined, not by its form or by its denomination as designation as one or the other by the council, but by its substance, and the nature of the subject matter with which it deals. (28 O. Jur., Section 273, pg. 435.)

Study of "Resolution 7-16," reveals a permanent rule of conduct is prescribed, is not of ephemeral or temporary nature, and is in effect and substance an ordinance, rather than a resolution.

Does §729.52 R. C., constitute an unconstitutional limitation, as claimed, upon the power of the Granville Council to operate and manage its own utility? The pertinent provision of §729.52 R. C., reads as follows:

". . . Any surplus in such fund may be used for the enlargement or replacement of the system and works, for the payment of the interest on any debt incurred for the construction thereof, and for the creation of a sinking fund for the payment of such debt, but shall not be used for the extension of a sewerage system to serve unsewered areas or for any other purpose."

Ohio municipalities derive their power to own and operate public utilities directly from the Ohio Constitution. **Section 4, Article XVIII, Ohio Constitution**, states in part:

"Any municipality may acquire, construct, own, lease and operate within or without its corporate limits, any public utility the products or service of which is or is to be supplied to the municipality or its inhabitants, and may contract with others for any such product or service . . ."

Substantial limitation by acts of the legislature upon a municipality's power regarding public utilities since the adoption of the home-rule amendments of the Ohio Constitution has been frowned upon by the Ohio courts. (See **Link v. Public Utilities Commission of Ohio, 102 Oh St 336; State, ex rel. City of Toledo v. Weller, 101 Oh St 123; City of Cleveland v. Village of Cuyahoga Heights, 81 Oh Ap 191; Ricketts v. City of Mansfield, 43 Oh Ap 316.**)

**City of Cincinnati v. Roettinger, 105 Oh St 145,** has been interpreted as holding that the legislature may limit the use of surplus money in a water fund. In this case Cincinnati, by ordinance, sought to transfer surplus in the water fund, derived from water rentals, to the general fund and that said surplus should be used for general municipal purposes. Such transfer was held invalid by the Ohio Supreme Court.

True, by a long line of authority beginning with the Roettinger case, supra, it has been established that the application of funds created by water rentals to the payment of general municipal obligations or any purpose of constructing, maintaining and operating facilities for the supply of water results in levying a tax only on water users to meet the expenses of government, contrary to §743.05 R. C., and that the legislature is empowered to prevent a municipality from using a light fund to pay salaries of policemen, to retire bonds for a new fire truck, or to pave streets, or to make up any other deficiency in funds for the general expenses of the municipality.

But for the legislature to restrict the use of sewer funds for expansion of such municipal utility, as planned in Granville, would be a direct and improper limitation upon the power granted by **Section 4, Article XVIII, Ohio Constitution.** Powers so granted are not subject to legislative limitation or restriction. **(Board of Education of City School District of Columbus v. City of Columbus, 118 Oh St 295.)**

The rule established in the Roettinger Case, supra, must be restricted to the concept that where a license fee or charge for a special service is excessive, or produces excessive funds, which are applied to other, unrelated uses, then it is deemed a tax, and thus subject to legislative control. Limiting the rule to the facts which gives rise to the Roettinger Case, and subsequent cases of **Hartwig Realty Co. v. City of Cleveland, 128 Oh St 583; and City of Lakewood v. Reese, 132 Oh St 399,** it seems reasonable and logical to conclude that a sewer charge, as previously stated is not a tax, subject to statutory limitation, except where surplus is diverted to an unrelated use. **Sec. 729.52 R. C.,** would not operate as a limit upon the use of sewer surplus fund money by a village for extension of sewer lines to unsewered areas, providing the charge or rate for sewer service is not so excessive as to be deemed a tax. There is no claim that the Granville sewer rates are excessive. They were established 28 years ago, and the surplus fund is in the amount of $16,159.60—hardly an unseemly accumulation of surplus funds.

We live in a period where the past is fast dissolving, in many respects, and the future has not yet jelled. Modern trends are appearing in judicial matters as well as others. **State, ex rel. v. Rhodes, 158 Oh St 129,** holds that where fees charged on an off street parking are not unreasonable in amount, or designed to raise revenue other than an amount sufficient to cover costs and expenses or providing necessary parking facilities on and off the streets of the municipality, the charge and collection of such fees will not represent the levy of a tax. This case expresses the modern trend in permitting accumulation of surplus and use for a purpose similar and related to, but not the same as the purpose for which the charge is made, without said charge being viewed as a tax, subject to limitation by virtue of **Section 13, Article XVIII, Ohio Constitution.**

Another case of interest is that of the **Village of Shiloh, 166 Oh St 415,** concerning an injunction suit under what a tax payer termed "diversion," in the use of electricity within the Village. The case further indicates the modern trend of judicial thinking upon the subject.

This Court reaches the conclusion that neither §729.52 R. C., nor Granville Village Ordinance 7-1 contains any limitation upon the authority of said Village to expend funds from the water fund of said Village in the construction of a water line along Sinnett Avenue, and that there is no bar to said Village of Granville in its authority to expend funds from the sewer fund for the enlargement and extension of a sewer line along Sinnett Avenue in said Village.