P. BURKE WELLDON, MARJORIE V. WELLDON, RONALD W. BEECHER
and ETHEL G. BEECHER,
Plaintiffs,

*vs.*

CAPANO REALTY, INC., and MARY SANDER WALKER, HARRY B.
ROBERTS, JR., JOSEPH DAYTON and ROBERT DANIELLO,
Defendants.

*New Castle, December 29, 1966.*

*William Prickett, Jr.,* of Prickett & Prickett, Wilmington, for plaintiffs.

*Henry N. Herndon,* of Morris, James, Hitchens & Williams, Wilmington, for defendant Capano Realty Co., Inc.

*Clarence W. Taylor,* Wilmington, for the members of the Levy Court.

MARVEL, Vice Chancellor: On April 27, 1966, the defendant Capano Realty Co., Inc., and Mary Walker entered into a contract under the terms of which the latter agreed to sell to the former 6.7952 acres of land owned by her on the Lancaster Pike opposite Old Wilmington Road, the amount of land involved in said agreement of sale being established by a survey of Marvin S. Smith made in August, 1962. The prospective buyer made a down payment of $2500 and agreed to pay the balance due of $51,500 at settlement.

The contract further provided:

"Performance under this agreement is subject to Purchaser obtaining approval of R-3 zoning and necessary Regional Planning Commission approvals by December 15, 1966. If such time is insufficient because of failure of proper Public Authorities to complete action this agreement at purchasers option shall be extended to June 15, 1967. Purchaser agrees to pay costs of said rezoning. Seller agrees to cooperate with purchaser in applying for rezoning * * * Deed shall be delivered to the purchaser, and final settlement completed, on or before sixty days of receipt of final approval by Regional Planning Commission and New Castle County Court as outlined above."

Notwithstanding the fact that the land purchase contract here involved was entered into on April 27, 1966, the Capano petition for rezoning was not filed until September 20, and this unexplained delay on Capano's part has in large part led to the problem here presented, namely the apparent insufficiency of time for carrying out the rezoning process provided for by the terms of Title 9 *Del.C.* § 2611, and *Article IV, Section* 3(4)(*d*) of the *Zoning Code of New Castle County*.

Plaintiffs contend that inasmuch as the Regional Planning Commission failed to report favorably on Capano's building plan prior to the advertised public hearing before the Zoning Commission on October 25, 1966, the official action thereafter taken on the matter by the several governmental agencies here involved was nugatory. Such contention is based on what they contend is a plain reading of the terms of Title 9 *Del.C.* § 2611, along with those of *Article IV, Section* 3(4)(*d*) of the *Zoning Code of New Castle County*, adopted by the Levy Court on September 28, 1954, for the purpose *inter alia* "* * * of promoting the health, safety, and general welfare, and conserving the property values of the inhabitants of New Castle County in accordance with a comprehensive plan."

Title 9 *Del.C.* § 2611 provides in part:

"(a) The Levy Court may, from time to time make * * * changes * * * with respect to * * * any regulation * * * but no such changes shall be made or become effective until the same

shall have been proposed by or be first submitted to the Zoning Commission.

"(b) With respect to any proposed changes, the Zoning Commission shall hold at least one public hearing, notice of which hearing shall be published at least seven days before the date of the hearing in a newspaper of general circulation in the county. The notice shall contain the time and place of hearing, and shall specify the nature of the proposed change in a general way and shall specify the place and times at which the text and map relating to the proposed change may be examined."

Capano Realty Co., Inc. seeks to obtain rezoning approval of the Walker property, altering its present status to one which permits the building of garden apartments and group housing residential. The appropriate paragraph of the general Zoning Code for such type of rezoning, which is designed to apply uniformly throughout the County, is sub-paragraph (d) of paragraph (4) of *Section* 3 of *Article IV* of the *Zoning Code*. It provides in part:

"* * * when a petition is filed with the Levy Court for the adoption of an amendment of the Zoning Map to change classification of any particular area to an R-3 District for the purpose of erecting *garden apartments* therein, there shall be filed as a part of such application or petition a plan of development showing the general plan of buildings and indicating provision for *parking space,* interior roadways, drainage and recreation. This shall be referred to the Regional Planning Commission for review and report on matters under their jurisdiction in control of subdivisions. Approval, with or without amendment, by said Commission shall be a pre-requisite to further action therein."

The language used is admittedly more restrictive than that found in the following *Article V* of the *Zoning Code* which has to do with use regulations for Residence-Commercial Districts. However, I find no ambiguity in the direction of *Article IV,* namely that approval by the Regional Planning Commission to a R-3 rezoning plan is a prerequisite to "* * * further action thereon." Significantly, Capano cites no previous R-3 case being handled in the manner employed in the case of its petition. Moreover, the steps taken designed to correct the absence of initial referral to the Regional Planning Commission

is an apparent admission that plaintiff's position is basically, if technically, sound.

As matters actually occurred, the Zoning Commission public hearing on the Capano plan was held on October 25, 1966, almost a month before the Regional Planning Commission held its first meeting on the plan, and on November 9, without benefit of Regional's report, the Zoning Commission recommended approval of the plan. On November 28, 1966, the Regional Planning Commission held a special meeting, again on the plan in issue, and on December 2, 1966, approved the plan. On the same date, the Zoning Commission held a second, non-public, unadvertised meeting on the plan, and again approved it. Meanwhile, a Levy Court public hearing on the Capano plan had been advertised for December 6, the day following the filing of this action.

At this point, apparently, the Levy Court was advised by counsel that approval of an R-3 rezoning application by the Regional Planning Commission was a pre-requisite to further action on such an application. Accordingly, in order to allow for what would appear to be the usual publication requirement, the meeting of the Levy Court on the Capano application was renoticed for December 27, 1966.

It is the evident position of the Levy Court and that of the defendant Capano that by so rescheduling and re-advertising the Levy Court hearing for December 27, the terms of Title 9 *Del.C.* § 2611, and those of *Article IV, Section* 3(4) (*d*) of the *Zoning Code of New Castle County* were complied with, and that the Levy Court may now properly proceed to the legislative act of rezoning the property here in dispute.

██ I can not agree that the "further action" contemplated by the *Zoning Code* in an R-3 application permits a bypassing of the procedure contemplated by Title 9 *Del.C.* § 2611, namely a referral to the Regional Planning Commission whenever an application for rezoning is made to the Levy Court. In other words, the statute requires referral to the Zoning Commission in all cases. However, in the case of an R-3 rezoning application under *Article IV,* the *Zoning Code* directs that in the special case of a petition to have property rezoned for garden apartments that there be a prior referral to the

Regional Planning Commission "* * * for review and report * * *" and that approval "* * * with or without amendment, by said Commission shall be a prerequisite to further action thereon."

The defendant Capano next argues that in the event *Article IV* in question should be read as the Court has just done, that the second meeting of the Zoning Commission, after it had the Regional Planning report in hand, followed by a recommendation of approval to the rescheduled Levy Court meeting, constituted "substantial compliance" with *Article IV* of the *Zoning Code*. However, I am of the opinion that when a public hearing is contemplated in the field of rezoning in New Castle County that a full public hearing[1] is intended.

While the relevant facts of the case of *Rappa Inc. v. Hanson (Sup.Ct.Del.)* 209 *A.2d* 163 are quite different than those here, nonetheless in the cited case the Court observed:

"Thus it is required, we think, that the adoption of a Zoning Code or the adoption of a rezoning for a particular area requires the zoning authorities—in this case the Levy Court—to do so only after a full hearing with opportunity on the part of proponents and objectors to present their respective cases."

Furthermore, in the case of *Santow v. Ullman,* 39 *Del.Ch.* 427, 166 *A.2d* 135, the Supreme Court of Delaware noted that rezoning recommendations by the Zoning Commission, after a noticed public hearing, are to precede action by the Levy Court after a second public hearing. Compare *Boozer v. Johnson,* 33 *Del.Ch.* 554, 98 *A.2d* 76, in which the Court noted that a provision requiring a zoning or planning commission to make a recommendation with reference to a proposed change may not be ignored, citing *Whittemore v. Falmouth,* 299 *Mass.* 64, 12 *N.E.2d* 187.

Here, it is apparent that approval of rezoning for garden apartments is to be granted only after an initial study by the Regional Planning Commission, an agency antedating the zoning statutes and

---

1. See Title 9 *Del.C.* § 2611 which requires that the text and map relating to a proposed change be made available to interested persons. The objectants here live in homes adjoining or nearby the Walker tract.

code by a number of years, dedicated among other things to "* * * the purpose of promoting health, safety, prosperity and general welfare * * *", and made up in large part by a number of important City and County officials. I am satisfied that the purpose of such referral could well be frustrated were the methods used in the present rezoning dispute recognized as having substantially met the requirements of the applicable statute and *Zoning Code* section. The effectiveness of objectors at a rezoning hearing and the tactices to be employed by them in opposition to a proposed plan, here for garden apartments, could not help but be handicapped, where, as here, the report of the Regional Planning Commission on the Capano plan was not before the public Zoning Commission hearing held on October 25, 1966. Such report not having actually been issued until December 2, there was no opportunity afforded objectants to the Capano plan to point out what they consider to be defects in the report at the Zoning Commission hearing. Compare *Temmink v. Board,* 205 *Md.* 489, 109 *A.2d* 85. To accept defendant's contention that there is no express requirement that the Regional Planning report be available at a Zoning Commission hearing and that the public has no right to see such report would be to deny the public a full hearing. Were this not obvious, objectants should at least have the right to examine a Regional Planning report before a Zoning Commission hearing. Actually, the time for study of such report by the Zoning Commission itself at its later special meeting was minimal.

Next, we are not here concerned with, as it were, a mere intramural type ordinance in the nature of a direction issued by a town council to its agent which can be repealed by inconsistent council action thereafter. Compare *Boozer v. Johnson, supra,* and 2 *American Jurisprudence 2d Administrative Law,* § 350, *p.* 162. The Zoning Code of New Castle County was adopted by the Levy Court on September 28, 1954 after months of preparation and planning followed by recommendations to the Levy Court by the Zoning Commission. Upon adoption of a Zoning Code by the Levy Court, it is provided in *Title 9 Del.C.* § 2610(c):

> "No change in or departure from text or maps, as certified by the Zoning Commission, shall be made unless such change or departure shall first be submitted to the Zoning Commission for its approval or disapproval of suggestions."

■ In other words, the provisions of the Zoning Code of New Castle County may be amended only in a specific manner and not by a casual disregard of an unambiguous provision therein.

■ Finally, the basic point urged by plaintiffs, namely that the Levy Court is entitled to a Zoning Commission recommendation after a hearing and findings based in part, at least, on Regional Planning approval, "* * * with or without amendment * * *", cannot be brushed aside by the Capano contention that the Levy Court is empowered to proceed to the adoption of zoning changes unless the Zoning Commission shall have transmitted its report within 30 days after the submission "* * * thereof to it * * *". Here, the Zoning Commission has not been dilatory. In fact, it twice made recommendations. However, such Commission, because of the Levy Court's disregard of the initial referral provision of the Zoning Code, failed to act with due regard to the requirements of such Code. Not only the objectants but the Levy Court is entitled to have the benefit of the recommendations of the Zoning Commission after a public hearing held by that board at which were available the views of the Regional Planning Commission for discussion and debate.

For the reasons stated the present order herein will be broadened on notice so as to restrain the members of the Levy Court of New Castle County from giving their approval to the pending Capano petition for the rezoning to R-3 of 6.7952 acres of land owned by Mary Walker on the Lancaster Pike opposite Old Wilmington Road.