BAYNARD COURT, INC., a Delaware cor-
poration, and Joseph W. Remedio, Inc.,
a Delaware corporation, Plaintiffs,

v.

CITY OF WILMINGTON, C. Webster John-
son, Commissioner, Department of Licenses
and Inspections of the City of Wilming-
ton, and Michael Di Eleuterio, Zoning Ad-
ministrator, Department of Licenses and
Inspections of the City of Wilmington, De-
fendants.

Superior Court of Delaware,
New Castle.

Jan. 13, 1971.

Stanley C. Lowicki, of O'Donnell, Hughes & Lowicki, Wilmington, for plaintiffs.

Victor J. Columbo, Asst. City Sol., Wilmington, for defendants.

OPINION

STOREY, Judge.

This is an action for a writ of mandamus compelling defendant to issue a building permit for construction of a medical office building on land zoned R-5-B within the City of Wilmington. Under the Revised Building Zone Ordinance of the City of Wilmington, as approved on March 8, 1962,

construction of a medical office building on land zoned R–5–B was a permissible use as a matter of right. A city ordinance approved on July 29, 1966 deleted construction of medical office buildings as a permissible use of land zoned R–5–B and this deletion was carried over into the Revised Edition of the Revised Building Zone Ordinance dated July 1, 1968. On December 13, 1968, the Wilmington City Code was approved, repealing, with the exception of provisions relating to any zoning map, " * * * all ordinances and resolutions of a general and permanent nature adopted upon final reading and passage on or before August 1, 1968 and not contained in such code." The provisions of the Wilmington City Code concerning areas zoned R–5–B are substantially the same as those contained in the Revised Building Zone Ordinance as approved on March 8, 1962, in that they permit construction of a medical office building as of right.

The question in this case is whether a medical office building is a permissible use of land zoned R–5–B under the Building Zone Ordinance of the City of Wilmington, as presently constituted.

The City asserts three grounds in support of its position that the provisions of the 1968 City Code permitting medical office buildings in areas zoned R–5–B are of no effect: First, that inclusion of the provision in the Code was a clerical error caused by inadvertently reenacting the 1962 Building Zone Ordinance rather than the 1968 Building Zone Ordinance; second, that the July 27, 1966 deletion of provisions permitting construction of medical office buildings in R–5–B areas was excepted from the repeal provisions of the City Code since this deletion related to a "zoning map"; and, third, that the provisions of the City Code permitting such use were, in effect amendments to the Building Zone Ordinance of July 1, 1968, and as such, were not passed in compliance with provisions of the ordinance relative to amendments since they had not been submitted to the City Planning Commission.

■ With respect to the City's first ground in support of their contention, it is clear that, as a general rule, courts will not undertake a correction of legislative mistakes in statutes, even if the court is convinced that the " * * * legislature intended to enact something very different from that which it did enact." 50 Am. Jur. 219, Statutes, Sec. 232, and cases cited therein. See also duPont v. Mills, 9 W.W. Harr. 42, 196 A. 168, 179 (Supreme Ct.Del. 1937), and State v. Rose, 3 W.W.Harr. 168, 132 A. 864, 867 (Del.Super.1926). Accordingly, this Court does not deem it necessary to determine the existence or effect of any alleged erroneous enactment of the relevant provisions of the 1968 City Code.

■ The City's assertion that the July 27, 1966 deletion of provisions permitting medical office buildings in R–5–B areas was excepted from the repeal provisions of the City Code is likewise without merit. The City Code's provision that "any ordinance or resolution relating to any zoning map" shall not, be effected by the Code, cannot be deemed to apply to all zoning ordinances. If such were the case, the Code could easily have so stated. Likewise, if such were the case, there would have been no necessity for inclusion of any other zoning provisions within the City Code.

■ The City next asserts that the relevant provision of the Code is, in effect, an amendment to the prior zoning law, and as such, must be submitted to the City Planning Commission, as required by Art. 15 of the Building Zone Ordinance of July 1, 1968. Since the provisions of the 1968 City Code were never referred to the City Planning Commission, the City asserts that they are thus null and void. The fallacy of this assertion lies in the fact that the requirement of referral of zoning amendments to the City Planning Commission is based entirely upon the provision of an ordinance passed by city council. The council could repeal such requirement at its pleasure. In proceeding to adopt the

amended zoning provisions of the 1968 City Code without requiring referral to the City Planning Commission, the Council indicated a desire to waive compliance with the referral provision. See Boozer v. Johnson, 33 Del.Ch. 554, 98 A.2d 76, 79, 80 (Del.Ch.1953), and cases cited therein.

This Court is accordingly of the opinion that the provisions of the 1968 Wilmington City Code permitting construction of medical office buildings on land zoned R–5–B are in full force and effect. The writ is therefore issued.

It is so ordered.