Tamara Wahl GREEN, William S. Green, William B. Wallace, Sallie B. Wallace, Robert H. Barter, William J. Dulany, Betty Lee Dulany, Calhoun Bond, H. B. Alexander & Son, Inc., Pierce A. Quinlan and July R. Quinlan, Plaintiffs,

v.

COUNTY COUNCIL OF SUSSEX COUNTY, Ralph E. Benson, John T. Cannon, Sr., Charles W. Cole, Oliver E. Hill, W. Howard Workman, Individually and as members of said Council, and County Planning & Zoning Commission of Sussex County, E. Winfred Davis, John L. Allen, Millard W. Monroe, Hugh P. Smith, Fred P. Dukes, Individually and as members of said commission, and Carl M. Freeman Associates, Inc., a Maryland Corp., Defendants.

Court of Chancery of Delaware,
Sussex County.

Submitted Jan. 23, 1980.

Decided April 29, 1980.

Melvyn I. Monzack, Walsh, Monzack & Owens, P. A., Wilmington, for all plaintiffs except William S. Green.

William S. Green, Pierson, Ball & Dowd, Washington, D.C., pro se.

John A. Sergovic, Tunnell & Raysor, Georgetown, and Burton A. Schwalb, Schwalb, Donnenfeld, Bray & Silbert, Washington, D.C., for defendant, Carl M. Freeman Associates, Inc.

Dennis L. Schrader, Betts & Schrader, Georgetown, for defendant, Sussex County Council.

HARTNETT, Vice Chancellor.

On December 5, 1978, the Sussex County Council rezoned approximately 24 acres of land near the ocean, north of Bethany Beach, from MR (Medium Density Residential) to HR–1 (High Density Residential). The public hearing on the application was held almost two years previously on January 4, 1977. On February 5, 1979, plaintiffs filed this action seeking to set aside the rezoning and they have now moved for summary judgment on the sole issue of whether the Sussex County Council acted properly in adopting the zoning change. I find that the Sussex County Council did not comply with the statutory mandated procedural requirements for approving a rezoning and therefore plaintiffs' motion for summary judgment must be granted.

I

In 1967 the General Assembly enacted Chapter 69, Title 9, *Delaware Code* to provide for zoning in Sussex County. 56 *Del.L.*, Ch. 97. The method to be used in rezonings was set forth in 9 *Del.C.* § 6911:

*Changes in zoning district; map or regulations; procedure*

(a) The County government may, from time to time, make amendments, supplements, changes or modifications (herein called "changes") in accordance with the comprehensive development plan with respect to the number, shape, boundary or area of any district or districts, or any regulation of, or within, such district or districts, or any other provision of any zoning regulation or regulations, but no such changes shall be made or become effective until the same shall have been proposed by or be first submitted to the Commission.

(b) With respect to any proposed changes, the Commission shall hold at least one public hearing pursuant to section 6812 of this title.

(c) Unless the Commission shall have transmitted its report upon the proposed changes within 45 days after the submission thereof to it, the County government shall be free to proceed to the adoption of the changes without further awaiting the receipt of the report of the Commission. In any event, the Levy Court shall not be bound by the report of the Commission.

Before finally adopting any changes, the Levy Court shall hold a public hearing thereon pursuant to section 6812 of this title.

9 *Del.C.* § 6812 provides:

*Public hearing and notice*

(a) Any public hearing required by this chapter shall be held within the county, and notice of the time and place thereof shall be published at least twice in a newspaper of general circulation in the County. Publication shall be for 2 successive weeks, the first notice to appear at least 15 days before the date of the hearing. In addition, notice of the hearing shall be posted in at least 4 public places within the county. The notice shall state the place at which the text and maps as certified by the Planning Commission may be examined.

(b) Legal public notice of any formal action taken in regard to public hearings as required by this chapter shall be published at least once in a newspaper of general circulation in the county within 15 days of such action.

■ In 1970, without repealing 9 *Del.C.* § 6911 and § 6912, the General Assembly enacted Chapter 70, Title 9, *Delaware Code*, which created the Sussex County Council, abolished the Sussex Levy Court and provided Home Rule for Sussex County. 57 *Del.L.*, Ch. 762. As part of this Home Rule grant, 9 *Del.C.* § 7002(*1*) provides: "*Actions required by ordinance.*—All actions of the county government which shall have the force of law shall be by ordinance." A rezoning has the force of law. *Wilmington Trust Co. v. Caratello*, Del.Super., 385 A.2d 1131 (1978). Title 9, *Del.C.* § 7002(m) sets forth the formalities required for the adoption of ordinances by the Sussex County Council, by stating:

*Ordinances generally.*—Every proposed ordinance shall be introduced in writing and in the form required for final adoption. No ordinance, except those relating to the budget or appropriation of funds and those relating to the adoption or revisions of the County Code shall contain more than 1 subject which shall be clearly expressed in its title. The enacting clause shall be "The County of Sussex hereby ordains." Any ordinance which repeals or amends an existing ordinance or part of the County Code shall set out in full that part of the ordinance, sections or subsections to be repealed or amended, and shall indicate the matter to be omitted by enclosing it in brackets and shall indicate new matter by underscoring or by italics.

An ordinance may be introduced by any member at any regular or special meeting of the county government. Upon introduction of any ordinance, the Clerk of the county government shall distribute a copy to each elected official of the county governing body and to the County Administrator; shall file a reasonable number of copies in the office of the Clerk of the county government and such other public places as the county government may designate; shall, in all county newspapers, publish in bold type the ordinance or the title thereof together with a notice setting out the time and place for a public hearing thereon by the county government; and shall produce a sufficient number of copies thereof to meet reasonable demands therefor by interested citizens and others who may be affected by such ordinance. The public hearing shall follow the publication by at least 3 weeks, may be held separately or in connection with a regular or special county government meeting and may be adjourned from time to time, and all persons interested shall have a reasonable opportunity to be heard. The county government may make rules governing the holding of public hearings. After the public hearing the county government may adopt the ordinance with or without amendment or reject it, but if it is amended as to any matter of substance which is not embraced within the title of the ordinance, the county government may not adopt it until the ordinance or its amended sections have been subjected to all of the procedures hereinbefore required in the case of a newly introduced ordinance. As soon as practicable after

adoption of any ordinance, the Clerk of the county government shall number the ordinance and have it, or its title, published again, together with a notice of its adoption.

Except as otherwise provided in this title, every adopted ordinance shall become effective immediately unless the ordinance itself stipulates a different date.

Some of the procedural requirements imposed by 9 *Del.C.* § 7002(m), in addition to the requirements of 9 *Del.C.* § 6911 and § 6812, are: the ordinance adopting a zoning change be in writing; be limited to one subject; contain a title; indicate by brackets the language to be omitted and indicate by italics new matter; be sent to certain county officials; not be substantially amended without readvertising; and not be considered at the meeting at which it is introduced.

The advertising requirements are also somewhat different. Under 9 *Del.C.* § 6812 two notices by advertisement in one newspaper for at least two successive weeks in advance are required but under 9 *Del.C.* § 7002(m) there must be at least one advertisement in all county newspapers at least three weeks before the public hearing on a rezoning.

It will thus be seen that the provisions of 9 *Del.C.* § 7002(m) do not directly conflict with the provisions of 9 *Del.C.* § 6911, but require certain additional formalities and more advertising than is required by § 7002(m).

The minutes of the December 5, 1978, Council meeting, when the rezoning was approved, show that the rezoning was done somewhat informally:

A Motion was made by Mr. Cannon, seconded by Mr. Workman, to concur with the recommendation of the Planning and Zoning Commission and approve C/Z # 301—An application of Carl M. Freeman Associates, Inc. to amend the Zoning Map by changing from MR Medium Density Residential to HR-1 High Density Residential in Baltimore Hundred, located on the east side of Route 1, approximately 1.75 miles north of Bethany Beach, and containing 23.96 acres more or less. Motion Adopted: 3 Yea, 2 Nay.

It is undisputed, therefore, that when the Sussex County Council adopted the zoning amendment challenged here, it complied with the provisions of 9 *Del.C.* § 6911 but it did not comply with the provisions of 9 *Del.C.* § 7002(m). For example, the rezoning was done by verbal motion, was not reduced to writing until after adoption, and was not advertised in all county newspapers for 3 weeks before the public hearing.

## II

■ It is assumed that when the General Assembly enacts a later statute in an area covered by a prior statute, it has in mind the prior statute and therefore statutes on the same subject must be construed together so that effect is given to every provision unless there is an irreconcilable conflict between the statutes, in which case the later supersedes the earlier. SANDS: *Sutherland Statutory Construction*, 4th Ed. § 5102, citing: *Raynor v. City of Arcata*, Cal.Supr., 11 Cal.2d 113, 77 P.2d 1054 (1938); *Borough of Millersville v. Township of Lancaster*, Pa., CW Ct., 2 Pa.Cmwlth. 587, 279 A.2d 349 (1971).

■ Title 9, *Del.C.* § 7002(m) was adopted subsequent to the adoption of 9 *Del.C.* § 6911 and the provisions of the later statute are compatible with the provisions of the prior statute. They are also plain and unambiguous and therefore must be followed. *Nigro v. Flynn*, Del.Super., 192 A. 685 (1937); *Beck v. Lund's Fisheries*, Del. Supr., 3 Storey 45, 164 A.2d 583 (1960); and *A & P Stores v. Hannigan*, Del.Supr., 367 A.2d 641 (1976).

## III

■ Defendants argue that the County Council substantially complied with the requirements of 9 *Del.C.* § 7002(m) and that substantial compliance is sufficient but they cite no case upholding the failure to follow the clear mandate of a statute imposing procedures for the adoption of zoning amendments. See: *Dunlap v. Williamson*,

Okla.Supr., 369 P.2d 631 (1962); *Ralston Purina Company v. Acrey*, Ga.Supr., 220 Ga. 788, 142 S.E.2d 66 (1965); *City and County of San Francisco v. Cooper*, Cal.Supr., 13 Cal.3d 898, 120 Cal.Rptr. 707, 534 P.2d 403 (1975); *Boozer v. Johnson*, Del.Ch., 98 A.2d 76 (1953); *Baynard Court, Inc. v. City of Wilmington*, Del.Super., 273 A.2d 275 (1971).

It is clear from a reading of the Act enacting Chapter 70, Title 9, *Delaware Code* (59 *Del.L.*, Ch. 762), that it is a unified act delegating almost all local governmental functions relating to Sussex County to the Sussex County Council created by the Act. This broad grant of power, however, is limited by certain procedural reservations and safeguards, primarily a requirement that the Council act only by ordinance and that in enacting an ordinance certain formalities be followed which assure adequate public notice. Without the provisions of 9 *Del.C.* § 7002, there would be almost no legal limitations on the power of the County Council. Indeed, the provisions of § 7002 are similar to the limitations on the enactment of legislation imposed on the General Assembly by the Constitution. To ignore the provisions of Section 7002 would be to disregard the clear intention of the General Assembly which was to provide a broad grant of power to Sussex County provided the County complied with the procedural safeguards the General Assembly mandated. The County Council did not follow the clear mandate of the statute and therefore the rezoning must be set aside. *Welldon v. Capano Realty*, Del.Ch., 225 A.2d 486 (1966); *Daniel D. Rappa, Inc. v. Hanson*, Del.Supr., 209 A.2d 163 (1965); *Boozer v. Johnson*, Del.Ch., 98 A.2d 76 (1953); *Wilmington Trust Co. v. Caratello*, supra; *City of Sausalito v. County of Marin*, Cal.App., 12 Cal. App.3d 550, 90 Cal.Rptr. 843 (1970); *Harrell v. City of Lewiston*, Idaho Supr., 95 Idaho 243, 506 P.2d 470 (1973); *City of Hutchins v. Prasifka*, Tex.Supr., 450 S.W.2d 829 (1970).

## IV

The parties discussed at length whether the rezoning was accomplished by a resolution or by an ordinance and defendants contended that an act of a governing body may be construed to be an ordinance if the formal requirements for an ordinance are followed even if the act is incorrectly called a resolution or motion. *City of Keene v. Gerry's Cash Market, Inc.*, 113 N.H. 165, 304 A.2d 873 (1973); *Shoemaker v. Village of Granville*, Ohio C.P., 156 N.E.2d 757 (1958); *Dunlap v. Williamson*, Okla.Supr., 369 P.2d 631 (1962). The issue here, however, is whether the mandate of the statute was followed. It was not and it therefore makes no difference whether the act of the Council in approving the rezoning was termed a motion, a resolution, or an ordinance.

Defendants also argued that a holding against them will jeopardize all the rezonings in Sussex County since 1970. The provisions of 10 *Del.C.* § 8126 would seem to allay any such fears. 10 *Del.C.* § 8126 states:

*County and municipality zoning and planning actions.*

(a) No action, suit or proceeding in any court, whether in law or equity or otherwise, in which the legality of any ordinance, code, regulation or map, relating to zoning, or any amendment thereto, or any regulation or ordinance relating to subdivision and land development, or any amendment thereto, enacted by the governing body of a county or municipality, is challenged, whether by direct or collateral attack or otherwise, shall be brought after the expiration of 60 days from the date of publication in a newspaper of general circulation in the county or municipality in which such adoption occurred, of notice of the adoption of such ordinance, code, regulation, map or amendment.

(b) No action, suit or proceeding in any court, whether in law or equity or otherwise, in which the legality of any action of the appropriate county or municipal body finally granting or denying approval of a final or record plan submitted under the subdivision and land development

regulations of such county or municipality is challenged, whether directly or by collateral attack or otherwise, shall be brought after the expiration of 60 days from the date of publication in a newspaper of general circulation in the county or municipality in which such action occurred, of notice of such final approval or denial of such final or record plan.

## V

The land owner, who is an innocent victim of the failure of the County to follow the mandate of the statute, argues that the decision to rezone was a legislative function and the factual determinations of the legislative body (the Sussex County Council) to rezone the parcel of land is entitled to a presumption of validity. As our Supreme Court has stated:

> If the issue of conformity with the requirements of the Zoning Act and Code are fairly debatable, the legislative judgment of the Levy Court (County Council) prevails and it is our duty to affirm it (cites omitted). In fact, the judgment of the Levy Court (County Council) on zoning matters is presumed to be reasonable and valid and beyond Court interference unless shown to be arbitrary, unreasonable or capricious. *McQuail v. Shell Oil Company*, Del.Supr., 183 A.2d 572 (1962).

See also: *Rappa, Inc. v. Hanson*, Del.Supr., 209 A.2d 163 (1965). This presumption of validity precludes this Court from substituting its judgment for the judgment of the legislative body. But, the presumption of validity does not permit the legislative body to ignore statutorily mandated procedures. The County Council must act within the scope of its grant of power, it cannot disregard the procedural safeguards which the General Assembly imposed when it created the Sussex County Council and gave it the power to adopt ordinances. *Welldon v. Capano Realty*, supra; *Rappa, Inc. v. Hanson*, supra; *Boozer v. Johnson*, supra; *Wilmington Trust Co. v. Caratello*, supra; *Green v. County Planning & Zon. Com'n. of Sussex Cty.*, Del.Ch., 340 A.2d 852 (1974), *aff'd.* without op., Del.Supr., 344 A.2d 386 (1975).

Plaintiffs' motion for summary judgment must therefore be granted.