**GETTY REFINING AND MARKETING COMPANY, a Delaware corporation, Appellant,**

v.

**Joseph B. LEAVY, Oliver F. Fonville, Gertrude S. Harrison, Richard M. Lagergren, Catherine J. Mancini, John V. Ryan, and Anthony Swarbrick, constituting the Board of Assessment Review of the Department of Finance of New Castle County, Delaware, Appellees.**

Superior Court of Delaware,
New Castle County.

Submitted Sept. 3, 1981.
Decided Oct. 8, 1981.

Richard G. Bacon (argued) of Richards, Layton & Finger, Wilmington, for appellant.

Dennis Siebold (argued) of New Castle County Dept. of Law, Wilmington, for appellees.

O'HARA, Judge.

Getty Refining and Marketing Company ("Getty") has appealed to this Court a portion of the decisions of the Board of Assessment Review of the Department of Finance of New Castle County ("Review Board") with respect to a supplemental assessment. New Castle County, on behalf of the Department of Finance ("County") moves to dismiss on the ground that there is no right of appeal to this Court from such a supplemental assessment. The Court disagrees.

In early July, 1980, and again in October, 1980, Getty received notice that the Department of Finance had placed portions of Getty's Delaware operations on the supplemental assessment roll for the July, 1980 quarter and the October, 1980 quarter. Getty disputed this supplemental assessment and appealed to the Review Board pursuant to 9 *Del.C.* § 8343. Getty has appealed a portion of the decisions of that Review Board to this Court pursuant to 9 *Del.C.* § 8312(c).

The issue before the Court is whether there exists a statutory right to appeal to the Superior Court a decision of the Review

Board on a disputed supplemental assessment. It is the County's position that 9 *Del.C.* § 8312(c)[1] only governs appeal rights concerning disputed annual assessments, not supplemental assessments. It maintains that the only appeal provisions concerning disputed supplemental assessments is found at 9 *Del.C.* § 8343,[2] which allows an appeal to the Review Board but makes no provision for further appeal to the Superior Court.

In support of its argument the County points to the historical context of these statutes. Since § 8312(c) was enacted in 1955, before the authority for supplemental assessments even existed,[3] the County asserts that § 8312(c) could not have contemplated appeals from supplemental assessments. The County contends that if the Legislature intended for there to be an appeal right to Superior Court from the decision of the Review Board on a disputed supplemental assessment, it would have included that right in § 8343. Since § 8343 does not so provide, the County applies the maxim of statutory construction, "expressio unius est exclusio alterius", or the expression of one thing implies the exclusion of another, to buttress its contention that the exclusion of any authority to appeal to the Superior Court in § 8343 implies the absence of any such right.

It should be noted here that 9 *Del.C.* § 8312(c) is a statute of general application to appeals of assessments to the Superior Court. Section 8312(c) authorizes any person who has filed "an appeal" before any board of assessment and who feels aggrieved by the decision of such board may appeal to the Superior Court within 30 days after

receiving notice of the board's decision. There is nothing in 9 *Del.C.* § 8312(c) that precludes the appeal of a supplemental assessment to this Court, or that permits the appeal only of a non-supplemental or annual assessments to this Court. Further, there is nothing in 9 *Del.C.* § 8343 which takes away the general right of appeal granted by 9 *Del.C.* § 8312(c).

 Three rules of statutory construction are here pertinent. First, whenever the Legislature enacts a provision it is presumed to have had in mind the previous statutes relating to the same subject matter. *Green v. County Council of Sussex Cty.*, Del.Ch., 415 A.2d 481 (1980). Second, in ascertaining the intention of the Legislature all parts of a statute are to be read together to find the intention as to any one part and that all parts are to be reconciled and harmonized if possible. *Thomas v. State*, Md.App., 277 Md. 314, 353 A.2d 256 (1976). Third, in construing a statute the Court's objective is to render a sensible and practical meaning, not an absurd or unreasonable result. *Asplundh Tree Expert Co. v. Clark*, Del.Super., 369 A.2d 1084 (1975).

 Chapter 83 of Title 9 provides in much detail for the valuation and assessment of property throughout the State of Delaware. It must be presumed that the Legislature had in mind sections 8311[4] and 8312(c) when it enacted § 8343.

Section 8312(c) authorizes an appeal to this Court for any person who has filed "an appeal" before any board of assessment and feels aggrieved by that board's decision. At the time of the enactment of this section

---

**1.** Pertinent provisions of § 8312(c) reads, as follows:

"(c) Any person who, after properly filing an appeal before any board of assessment, feels aggrieved by the decision of such body may, within 30 days after receiving notice of its decision, appeal therefrom to the Superior Court of the county in which such person resides."

**2.** Pertinent provisions of § 8343 reads, as follows:

"Within 30 days from the date on which notice of supplemental assessment is sent by the board of assessment or Department of

Finance, the owner may appeal the supplemental assessment to the respective board of assessment or board of assessment review."

**3.** 9 *Del.C.* § 8338 permitting supplemental assessments was enacted in 1968. 56 Del. Laws, c. 457, § 1.

**4.** § 8311 provides in detail for the sitting of the several County boards of assessment, at stated times and places, for the purposes of hearing appeals and making additions, alterations or corrections to the assessment rolls.

the only such decision would have been over a disputed annual assessment. Subsequently, when the Legislature permitted supplemental assessments, it did not change the general terms found in § 8312(c) to specifically cover only the original annual assessments. In addition, § 8312(c) was amended in 1976 and still no changes were made in that section to designate that it was to apply only to appeals from disputed annual assessments.

Finally, it should be noted that the Review Board's interpretation of § 8312(c) could lead to unreasonable results. For example, although a person who feels aggrieved by the Review Board's decision on annual assessment would have a right to appeal to the Superior Court, a person feeling aggrieved by the Review Board's decision on a supplemental assessment would have no further right to appeal. He would have to pay the additional taxes without any redress to a court of law to recover the taxes he believes to be unjustly collected. If this supplemental assessment is then included in his next annual assessment, he could appeal this annual assessment to the Superior Court, but even if successful, it would affect only the latest annual assessment and not the supplemental assessment. In effect, such an appellant would be told that he was right in law but could not get back the additional money expended to pay the supplemental assessment.

█ Applying the applicable principles of statutory construction to the situation here presented, the Court reaches the inevitable conclusion that the general terms of § 8312(c) authorize appeals to Superior Court over both disputed annual and disputed supplemental assessments.

Taken together, sections 8311, 8312, and 8343 provide for a two-step appeal process:

1. Disputed annual assessments can be appealed to the board of assessment review pursuant to 9 *Del.C.* § 8311 while disputed supplemental assessments can be appealed to the board of assessment review pursuant to 9 *Del.C.* § 8343.

2. Review of the decision of the board of assessment review on either type of disputed assessment can be had by appeal to the Superior Court pursuant to 9 *Del.C.* § 8312(c).

This appeal being statutorily authorized, the County's motion to dismiss must be denied.

IT IS SO ORDERED.