WILLIAM H. BAVE AND MARIAN M. BAVE, his wife, CLINTON F. MILLER AND ELIZABETH H. MILLER, his wife, WILLARD R. YARNALL AND DOROTHY W. YARNALL, his wife, FRANKLIN A. BEHLING AND MARJORIE F. BEHLING, his wife, HARRY G. BIMMERMAN AND MARIAN L. BIMMERMAN, his wife, JOHN F. BROEKER AND JEAN W. BROEKER, his wife,
Plaintiffs,

*vs.*

S & S BUILDERS, INC., a corporation of the State of Delaware, Defendant.

*New Castle, September 26, 1957.*

*Clement C. Wood* of Allmond & Wood, Wilmington, for plaintiffs.

*Rodney M. Layton* of Richards, Layton & Finger, Wilmington, for defendant.

SEITZ, Chancellor: Plaintiffs brought this action originally against J. LaPenne Guenveur, the owner of a lot in the development known as Westover Hills. Plaintiffs sought to restrain the defendant from building a public road across his lot. Such road was to be used to service an area back of Westover Hills which was to be developed for residential purposes. This court held that the so-called Westover Hills restrictions did not prevent the defendant from building a public road across his lot. See *Bave v. Guenveur, supra p.* 48, 125 *A.2d* 256. Thereafter the present defendant purchased the lot involved and was substituted in this action.

The plaintiffs were later granted the right to assert that the County zoning restrictions prevented the defendant from taking the proposed action and that is the remaining issue for decision. The

matter is now before the court on cross motions for summary judgment.

Plaintiffs contend that the owner of the lot, which was zoned for residential use when the Zoning Code was adopted, cannot change that use without obtaining permission from the County zoning authorities.[1] Defendant contends that the Zoning Code does not apply to the use of a lot for public road purposes. Admittedly, we are not concerned with so-called "accessory uses" permitted by the Code. Both sides concede that they have found no decision anywhere precisely on the point here involved.

Defendant necessarily concedes that the Zoning Commission was within its power in classifying its lot as R-1 residential. Its entire case is premised upon the argument that the zoning statutes and implementing Code do not prohibit it from using the lot to build a public road across it. I first examine the statutes because the Code can be no broader than the statutory grant of power.

The Levy Court of New Castle County is granted the power, *inter alia,* to regulate "the uses of land for trade, industry, residence, recreation, public activities, water supply conservation, * * * or other similar purposes * * *", 9 *Del.C.* § 2601. In 9 *Del.C.* § 2602, the Levy Court is empowered to divide the county into districts or zones and within such districts is given the power to regulate, *inter alia,* "the uses of land" as defined above. It also provides that the Levy Court may adopt regulations to implement such power. In 9 *Del.C.* § 2603, the purposes of the regulations are stated. One purpose is to promote the health, safety, morals, convenience, order, prosperity or welfare of the inhabitants by "lessening of congestion in the streets or roads or reducing the waste of excessive amounts of roads". It also seeks to prevent the excessive concentration of population or the wasteful scattering of population.

It can be seen that the Levy Court is granted the power by statute to regulate the use of land in the county for certain broadly defined purposes. The enumeration of purposes, of course, justifies

---

1. They also contend that the proposed road would violate the set-back provisions of the Zoning Code. This point I do not decide.

the implication that the use of land for other purposes is not subject to the control of the Levy Court. This being so, I shall assume that plaintiffs have the burden of showing that the proposed use is one which is covered and prohibited by the Zoning statutes and Code.

■ The statutory enumeration of land uses covers, *inter alia,* "trade, industry, residence, recreation, public activities * * * or other similar purposes". These categories are broad and necessarily so in view of the subject matter of the legislation. I think the use of land for a public road is a use "for trade" and "public activities" within the broad meaning of the statute.

My conclusion is buttressed by the fact that the alternative construction of the statute would mean that the Legislature has given the owner of property zoned for residence purposes the right to convert it into a public road without any consideration for its impact upon the zoning policy in the area. Obviously, a public road use could have just as important implications in the zoning field as the use of the property for many other nonresidential uses which are admittedly prohibited to the owner. To consider the building of a public road as a use over which the zoning authorities have no control would be to negate one of the stated purposes of the zoning law, *viz.,* to prevent the waste of land by excessive streets. Clearly in this case the zoning authorities could consider whether or not the conversion of a residential lot into a public street is a waste of land.

The attempt by a private owner of land zoned for residential use to convert it into a public road use is, as I interpret the statutes, a proposed use which is subject to the zoning jurisdiction of the Levy Court.

■ *Article* III, § 3 of the Zoning Code provides that premises (which include a vacant lot) which in effect have been zoned for a particular purpose shall not be used for any purpose other than a use permitted therefor by the Code. Clearly the use of the defendant's lot for a public road is not a permitted use under the existing zoning classification of defendant's lot. Thus, it cannot be so used without approval of the zoning authorities unless the Code does not apply to public road uses.

It must be remembered that the Zoning Code became effective in 1954 and was imposed upon an already well developed area. Thus, existing streets were used as zoning boundaries at times. The Code contains special provisions to govern the development of a large residential area. Where as here the area is already developed and the zoning classification is adopted in the light of that fact, it is apparent that a change of use of a lot from residential to public road may to some degree negate the zoning scheme adopted for the area. This problem does not exist where the streets existed before zoning was imposed or where a new area is developed. I therefore confine my decision to the attempt by an owner of a lot in a zoned and developed residential area to change the use of a lot from residential to public road without zoning authority approval. In that situation I conclude that the proposed use by the owner would be one which is subject to the Zoning Code as now worded. I say this because of the broad language of the Code. See for example *Article* III, (3) and *Article* XIX, (3).

I need not and do not decide whether there is power in the zoning authorities by appropriate action to grant the defendant permission to build a public road across its lot. But, if such authority is requested, I believe the application must be processed through the legal channels provided in the Zoning statutes and Code, and not in this court.

Defendant's motion for a summary judgment dismissing the complaint will be denied. Plaintiffs' motion for a summary judgment restraining the defendant from building a public road across its lot without approval of the zoning authorities will be granted.

Present order on notice.