134 A.2d 709 (1957)
William H. BAVE and Marian M. Bave, his wife, Clinton F. Miller and Elizabeth H. Miller, his wife, Willard R. Yarnall and Dorothy W. Yarnall, his wife, Franklin A. Behling and Marjorie F. Behling, his wife, Harry G. Bimmerman and Marian L. Bimmerman, his wife, John F. Broeker and Jean W. Broeker, his wife, Plaintiffs,
v.
S & S BUILDERS, Inc., a corporation of the State of Delaware, Defendant.
Civ. A. 624.
Court of Chancery of Delaware, New Castle.
September 26, 1957.
*710 Clement C. Wood of Allmond & Wood, Wilmington, for plaintiffs.
Rodney M. Layton of Richards, Layton & Finger, Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiffs brought this action originally against J. LaPenne Guenveur, the owner of a lot in the development known as Westover Hills. Plaintiffs sought to restrain the defendant from building a public road across his lot. Such road was to be used to service an area back of Westover Hills which was to be developed for residential purposes. This court held that the so-called Westover Hills restrictions did not prevent the defendant from building a public road across his lot. See Bave v. Guenveur, Del. Ch., 125 A.2d 256. Thereafter the present defendant purchased the lot involved and was substituted in this action.
The plaintiffs were later granted the right to assert that the County zoning restrictions prevented the defendant from taking the proposed action and that is the remaining issue for decision. The matter is now before the court on cross motions for summary judgment.
Plaintiffs contend that the owner of the lot, which was zoned for residential use when the Zoning Code was adopted, cannot change that use without obtaining permission from the County zoning authorities[1]. Defendant contends that the Zoning Code does not apply to the use of a lot for public road purposes. Admittedly, we are not concerned with so-called "accessory uses" permitted by the Code. Both sides concede that they have found no decision anywhere precisely on the point here involved.
Defendant necessarily concedes that the Zoning Commission was within its power in classifying its lot as R-1 residential. Its entire case is premised upon the argument that the zoning statutes and implementing Code do not prohibit it from using the lot to build a public road across it. I first examine the statutes because the Code can be no broader than the statutory grant of power.
The Levy Court of New Castle County is granted the power, inter alia, to regulate "the uses of land for trade, industry, residence, recreation, public activities, water supply conservation, * * * or other similar purposes * * *", 9 Del.C. § 2601. In 9 Del.C. § 2602, the Levy Court is empowered to divide the county into districts or zones and within such districts is given the power to regulate, inter alia, "the uses of land" as defined above. It also provides that the Levy Court may adopt regulations to implement such power. In 9 Del. C. § 2603, the purposes of the regulations are stated. One purpose is to promote the health, safety, morals, convenience, order, prosperity or welfare of the inhabitants by "lessening of congestion in the streets or roads or reducing the waste of excessive amounts of roads". It also seeks to prevent the excessive concentration of population or the wasteful scattering of population.
It can be seen that the Levy Court is granted the power by statute to regulate the use of land in the county for certain broadly defined purposes. The enumeration of purposes, of course, justifies the implication that the use of land for other purposes is not subject to the control of the Levy Court. This being so, I shall assume that plaintiffs have the burden of showing that the proposed use is one which is covered
NOTES
[1] They also contend that the proposed road would violate the set-back provisions of the Zoning Code. This point I do not decide.