CARL M. FREEMAN ASSOCIATES, INC., et al., Defendants, Appellants,

v.

Tamara Wahl GREEN, et al., Plaintiffs, Appellees.

CARL M. FREEMAN ASSOCIATES, INC., et al., Defendants, Appellants,

v.

Tamara Wahl GREEN, et al., Plaintiffs, Appellees.

Supreme Court of Delaware.

Submitted: April 16, 1982.

Decided: June 28, 1982.

John A. Sergovic, Jr., of Tunnell & Raysor, Georgetown, and Burton A. Schwalb, Charles R. Donnenfeld, Jerome Nelson (argued) and Allen V. Farber, of Schwalb, Donnenfeld, Bray & Silbert, Washington, D. C., for defendants-appellants.

Melvyn I. Monzack, of Walsh & Monzack, P. A., Wilmington, Karl Haller, Georgetown, and William S. Green (argued), Bethesda, Md., for plaintiffs-appellees.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

HERRMANN, Chief Justice:

In these appeals, appellants seek reversal of summary judgments by the Court of Chancery invalidating a zoning change approved by the Sussex County Council for certain lands near Bethany Beach. In the first case, the Trial Court found the original rezoning ordinance to be invalid for failure to comply with the provisions of 9 *Del.C.*

§ 7002(m),[1] *Green v. County Council of Sussex Cty.*, Del.Ch., 415 A.2d 481 (1980). In the second case, a so-called "curative ordinance" was declared invalid as being in violation of 9 *Del.C.* ch. 69.[2]

## I.

The relevant facts are these:

In November of 1976, Carl M. Freeman Associates, Inc. (hereinafter "Freeman") applied for a zoning change seeking to have property north of Bethany Beach reclassified from medium to high density residential to permit condominium construction. Pursuant to 9 *Del.C.* § 6812,[3] incorporated by reference into § 6911(b), the County twice published local newspaper notices of hearings to be held on Freeman's application before the Planning and Zoning Commission (hereinafter "the Commission") and the Sussex County Council (hereinafter "the Council"). The notices announced the purpose, dates, and times of the hearings, described the area to be rezoned, and advised the public of its right to inspect the relevant documents in advance and of its right to be heard at the hearings. Adjacent landowners were notified by mail.

At both hearings, opponents and proponents had opportunity to present their viewpoints. The plaintiffs (adjacent landowners) were present and submitted their contentions. The Commission approved the application to rezone by a vote of 4 to 1 and forwarded its recommendation to the Council. Subsequently, the Council after public

---

1. 9 *Del.C.* § 7002(m) provides in relevant part:
   "(m) *Ordinances generally.*—Every proposed ordinance shall be introduced in writing and in the form required for final adoption.
   \* \* \* \* \* \*
   " \* \* \* Upon introduction of any ordinance, the Clerk of the county government \* \* \* shall, *in all county newspapers*, publish in bold type the ordinance or the title thereof together with a notice setting out the time and place for a public hearing thereon by the county government; and shall produce a sufficient number of copies thereof to meet reasonable demands therefor by interested citizens and others who may be affected by such ordinance. The public hearing shall follow the publication by at least 3 weeks, may be held separately or in connection with a regular or special county government meeting and may be adjourned from time to time, and all persons interested shall have a reasonable opportunity to be heard. \* \* \* " (emphasis added)

2. The pertinent portions of Chapter 69 are these:
   9 *Del.C.* § 6910(c) provides:
   "(c) No change in or departure from text or maps, as certified by the Commission, shall be made unless such change or departure shall first be submitted to the Commission for its approval or disapproval or suggestions. The Commission shall have 45 days from and after such submission within which to send its report to the county government, but the county government shall not be bound by the report.
   9 *Del.C.* § 6911 provides:
   "(a) The county government may, from time to time, make amendments, supplements, changes or modifications (herein called 'changes') in accordance with the comprehensive development plan with respect to the number, shape, boundary or area of any district or districts, or any regulation of, or within, such district or districts, or any other provision of any zoning regulation or regulations, but *no such changes shall be made or become effective until the same shall have been proposed by or be first submitted to the Commission.*
   "(b) With respect to any proposed changes, the Commission shall hold at least 1 public hearing pursuant to § 6812 of this title.
   "(c) Unless the Commission shall have transmitted its report upon the proposed changes within 45 days after the submission thereof to it, the county government shall be free to proceed to the adoption of the changes without further awaiting the receipt of the report of the Commission. In any event, the county government shall not be bound by the report of the Commission. Before finally adopting any changes, *the county government shall hold a public hearing thereon pursuant to § 6812 of this title.*" (emphasis added)

3. 9 *Del.C.* § 6812 provides:
   "§ 6812. Public hearing and notice.
   "(a) Any public hearing required by this chapter shall be held within the County, and notice of the time and place thereof shall be published at least twice in a newspaper of general circulation in the County. Publication shall be for 2 successive weeks, the first notice to appear at least 15 days before the date of the hearing. In addition, notice of the hearing shall be posted in at least 4 public places within the County. The notice shall state the place at which the text and maps as certified by the Planning Commission may be examined.
   "(b) Legal public notice of any formal action taken in regard to public hearings as required by this chapter shall be published at least once in a newspaper of general circulation in the County within 15 days of such action."

hearing approved the application by a 3 to 2 vote, notifying the public by newspaper publication.

The plaintiffs challenged the Council vote arguing that an ordinance was required, whereas a resolution had been adopted. The Vice Chancellor granted summary judgment in favor of the plaintiffs, holding that while the procedures complied with 9 *Del.C.* ch. 69, the rezoning change was invalid for its failure to comply with 9 *Del.C.* § 7002(m). *Green v. County Council of Sussex Cty., supra.* The Trial Court's order was stayed pending appeal to this Court.

As a result of the Trial Court's decision, the Council became concerned with the status of prior rezonings since none complied with § 7002(m). Accordingly, the Council sought to resolve the problem by passing a "curative ordinance," declaring in relevant part:

"THE COUNTY OF SUSSEX HEREBY ORDAINS that any zoning ordinances, resolution, regulation or map, or amendment or change thereof, or any zoning map changes (including County Council actions or votes adopting motions to concur in recommendations of the Planning Zoning Commission to take any zoning map changes) enacted, adopted, made or taken prior to the effective date of this Ordinance by the County Council of Sussex County, is approved, ratified, validated, confirmed, and ordained, *notwithstanding any defect in the procedure* followed in the enactment, adoption, making, or taking of such action and notwithstanding any failure strictly to conform to or comply with the procedures specified in any applicable laws." (emphasis added)

This ordinance was preceded by notice in eleven newspapers in and around Sussex County on three different dates. The plaintiffs took the position that the ordinance had no application to their properties even though the Council sought to make it applicable to all rezonings. After a hearing, the Council enacted the curative ordinance by a vote of 4 to 1.

The plaintiffs thereupon filed a second suit in the Court of Chancery, challenging the curative ordinance as it pertained to their situation. The Trial Court, in an unreported opinion, ruled the curative ordinance invalid in that it failed to comply with 9 *Del.C.* ch. 69. That decision was promptly appealed and was consolidated with the prior appeal which had been stayed by this Court. Both appeals are now before us for decision.

## II.

### A.

■ Title 9, *Del.C.* § 7002(m) is unquestionably applicable to zoning ordinances in Sussex County. The language of the Section clearly mandates its application to "every proposed ordinance." No exception is made for zoning ordinances.

The repeated use of the word "shall" in the Statute, § 7002(m), indicates the legislative intent requiring mandatory compliance. "As against the government, [the word 'shall'] is to be construed as 'may' unless a contrary intent is manifest." Black's Law Dictionary 1541 (Rev. 4th Ed. 1968). Since the Statute provides for compliance with the due process requirement of notice, a contrary intent is implicitly manifest.

Furthermore, we find no conflict between § 7002(m) and § 6911. As the Trial Court has stated (415 A.2d at 484), § 7002(m) merely requires "certain additional formalities and more advertising," apart from § 6812 and § 6911; and § 7002, being the later-enacted Statute, must be construed coextensively with § 6911. Since the provisions of both Sections are clear, unambiguous, and non-conflicting, they both must be followed. See *A & P Stores v. Hannigan,* Del.Supr., 367 A.2d 641 (1976).

The failure of the County to conform strictly to § 7002(m) renders the original rezoning ordinance a nullity. The enabling legislation must be followed. *Bave v. S. & S. Builders, Inc.,* 36 Del.Ch. 543, 134 A.2d 709 (1957). In the words of the Trial Court, "The County Council must act within the

scope of its grant of power [from the General Assembly]; it cannot disregard the procedural safeguards...." (415 A.2d at 486.)

## B.

██ Freeman argues that substantial compliance was sufficient to validate the original rezoning ordinance. We think not. "The [General Assembly] delegates authority to the [counties] to adopt zoning regulations.... Because zoning ordinances are in derogation of common law property rights, [there must be] strict compliance with the [legislated] procedures." *Kalakowski v. Town of Clarendon*, Vt.Supr., 431 A.2d 478, 479 (1981).

██ Assuming, *arguendo*, the acceptability of the "substantial compliance" rule urged here, it would not have been met. Section 7002(m) requires a written motion to rezone, whereas here the motion was oral. More importantly, publication is required "in all county newspapers." Here, there was publication in only one of at least six available county newspapers. The failure was fatal. Freeman's reliance upon *Klaw v. Pau-Mar Construction Company*, Del.Supr., 11 Terry 487, 135 A.2d 123 (1957) is misplaced.

## III.

██ We find the "curative ordinance" to be likewise invalid for failure to comply with § 6911. That Section requires all zoning changes to be first submitted to the Commission. Here, the Council by-passed the Commission, adopting the curative ordinance in derogation of the statutorily mandated procedures. This failure was fatal.

The contention that the curative ordinance was not rezoning because it only purported to validate the previously enacted rezoning of Freeman's lands, is intriguing but untenable. Clearly, because the initial rezoning ordinance is a nullity, the curative ordinance, in the words of the Trial Court, "must have the effect of a rezoning of

---

**4.** It has evidently been assumed, in good faith, that § 7002(m) was inapplicable in zoning

Freeman's lands," and must therefore comply with § 6911.

## IV.

Because we find both ordinances failed to comply with statutory requirements, we need not address other arguments raised by the parties.

We are informed that the controlling Statutes, here involved, have not been complied with in other rezoning actions.[4] With that situation in mind, and in deference to the cardinal rule that in land cases it is almost as important that the law be settled as it is that the law be right, this decision shall have prospective effect only. *Mayor and Council of City of Dover v. Kelley*, Del.Supr., 327 A.2d 748, 754 (1974).

\* \* \*

Affirmed.

cases in light of Chapter 69.