COUNTY COUNCIL OF SUSSEX COUNTY and Ralph E. Benson, William D. Stevenson, Charles W. Cole, Oliver E. Hill, W. Howard Workman, as Members of Said Council and Randall A. Godwin, Defendants Below, Appellants,

v.

Tamara Wahl GREEN and Her Husband, William S. Green, William L. Gniazdowski, and His Wife, Ellen Ann Gniazdowski, Edward A. Swoboda and His Wife, Ishlid Swoboda, Fred W. O'Nions and His Wife, Valerie J. O'Nions, Margaret Leschley-Jacobsen, William May and His Wife, Elizabeth May, Peter J. Digioia and His Wife, Barbara J. Digioia, Ann M. Dixon and June A. Kennard, Ronald J. Lenart, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted: Sept. 9, 1986.
Decided: Oct. 3, 1986.

Rehearing Denied Oct. 27, 1986.

in accordance with the views expressed in this opinion.

James A. Fuqua, Jr. (argued), of Fuqua and Graves, Georgetown, for defendants-appellants.

Karl Haller, Georgetown and William S. Green (argued), Bethesda, Maryland, of counsel, for plaintiffs-appellees.

Before CHRISTIE, C.J., HORSEY and WALSH, JJ.

PER CURIAM:

In this appeal from the Court of Chancery the appellant, the County Council of Sussex County ("Council"), seeks to reverse a decision of the Chancellor which invalidated a rezoning ordinance on the ground that the zoning reclassification was not consistent with the Comprehensive Land Use Plan ("Plan") which governs Sussex County. In a thorough and well reasoned opinion, the Chancellor determined that the Council's adoption of the ordinance was fundamentally inconsistent with the Plan and thus beyond the Council's delegated power to regulate land use. *See Green v. County Council of Sussex County*, Del. Ch., 508 A.2d 882 (1986). We agree and affirm.

While we are in full agreement with the Chancellor's conclusion that the Council's actions in this rezoning proceeding constituted arbitrary governmental action, we would be remiss if we did not express our concern over the disturbing trend which this case illustrates. On repeated occasions in recent years both this Court and the Court of Chancery have found it necessary to caution and admonish the Sussex County Council on the need to discharge its land use regulatory power in accordance with recognized standards of administrative procedure. *See Tate v. Miles*, Del. Supr., 503 A.2d 187 (1986); *Carl M. Freeman Associates, Inc. v. Green*, Del.Supr., 447 A.2d 1179 (1982); *Bay Colony Ltd. v. County Council of Sussex County*, C.A. No. 1001, Hartnett, V.C. (Dec. 5, 1984).

We recognize that land use regulation is a legislative function and is exercised in an atmosphere of informality which sometimes attends the representative process. But important considerations of public policy and private property are at stake in land use regulation, and the rezoning process itself resembles a judicial determination. County Council does not have a free hand to grant rezoning upon request. It must conform with standards established by the General Assembly, 9 *Del.C.* § 6901–6923, and due process considerations. *Tate v. Miles*, 503 A.2d 187. At a minimum, such proceedings require adequate notice to all concerned; a full opportunity to be heard by any person potentially aggrieved by the outcome; a decision which reflects the reasons underlying the result and, most importantly, an adherence to the statutory or decisional standards then controlling. Only when the administrative process affords these fundamental protections will the result receive judicial deference.

The judgment of the Court of Chancery is affirmed.