Marcus G. Christ, J.
The plaintiffs bring this action to declare a zoning ordinance of the Town of Oyster Bay invalid and unconstitutional. They are the owners of real property in the immediate vicinity of the subject property. The defendants are the town, the members of the Town Board and the owner of the land involved.
This re-zoned parcel is a four-sided piece on the southwest corner of Plainview Road and Central Park Road. It fronts 180 feet on Plainview Road and 137 feet on Central Park Road. The rear dimensions are 182 feet and 92 feet. The area is about 18,000 square feet. It is the corner of a larger parcel in the same ownership, the overall size being 400 feet on Central Park Road and 297 feet on Plainview Road, comprising three and a half acres.
An application to re-zone the whole parcel from residence to business was denied on October 19, 1954. In December, 1955 a new application was made to change the zone of the smaller property from Residence D to Business F, with leave to erect a gasoline service station. Both requests were granted on March 27, 1956 and the zoning was changed.
Zone “ D ” Residence provided by article VI of the ordinance permits private residences on plots of 7,000 square feet, having a width of 70 feet at the building line.
It is this zone in which all the surrounding property is located and it was the zone of the subject property before the change. The nearest property in a different zone is approximately a half-mile away. This is a new industrial area.
“ F ” Business District (neighborhood district) covered by the ordinance, article VIII, permits a variety of uses not allowed on the surrounding property such as two-family houses, hotels, lodging houses, boarding homes, inns, retail shops and stores, barber shops and beauty parlors, theatres, offices, restaurants, undertaking establishments, motor vehicle salesrooms, and when permitted and with restrictions public garages and filling-stations. The change is substantial. There are several nonconforming uses within a one-half mile radius of the property— a vegetable stand and a nursery and a temporary parking lot in a new development to be used while building is in progress. The nonconforming uses cannot be controlled by the zoning and parking permits are an aid in the developing of the land for residential use.
Plainview Road is a well-travelled road.
The plaintiffs claim that this is spot zoning not in the fulfillment of a comprehensive plan.
*616 The defendants say the plaintiffs are not damaged and so may not complain and, further, that the zoning is a part of a comprehensive zoning plan of the town.
The court finds that the plaintiffs are affected. This is a residential community of good quality and the intrusion of a business property amidst these residences will have an adverse effect upon their market value. The court finds, further, that this zoning was not in furtherance of any comprehensive zoning plan of the town. The re-zoning in a residential area of a small corner about big enough for three houses, changing it to business, does not show conformity with any over-all plan of development. It appears, instead, to be a conference of a special privilege and value upon the owner.
To put a separate business, for example, a gas station, on one corner, a grocery store on another, a drugstore alone somewhere else, would be an invalid and discriminatory use of the zoning power. It may not be allowed. All the residence owners are severely limited in the use of their lands, but these limitations are beneficial and acceptable. The very restrictions give protection. There must be no piecemeal tearing away of the protections of the ordinance. This is spot zoning of a character which cannot be sustained. (Freeman v. City of Yonkers, 205 Misc. 947.)
Rodgers v. Village of Tarrytown, 302 N. Y. 115) involved a ten-acre parcel of land. It was for apartment homes and was well within a plan of zoning comprehensive in design and effect.
The fact that the change of zone is coupled with a permit to erect a gasoline station does not alter the decision. The owner is nowise bound to erect such a station or maintain such a business. She or her successors may devote it to any use allowed in a Business “ F ” District.
Zoning from its very name implies the setting of substantial districts for the grouping of various phases of the communal activity, the segregation of business, of residences and of industry so that the whole is not mixed together. Such a program promotes the welfare and good living of the municipality. In such areas values and conditions of living become reasonably predictable. However, when little pieces are chipped away here and there, no such segregation follows. Instead, we have a hodgepodge of unrelated uses.
This is to be distinguished from the establishment of shopping areas or centers where, even though not of great extent in area, there is an aggregate of business to supply the reasonable day-to-day needs of a community — foods and drugs, clothes, hardware, automobile supplies, and the like. Such a *617 center is a long cry from setting aside one corner in a residential section for a gasoline service station, or a bowling alley, or undertaker’s parlor.
The “ F ” Business district called in the ordinance “ (Neighborhood Business) ” is designed to provide a neighborhood shopping center of sufficient diversity to supply the neighborhood in its requirements. It is not to be perverted to a device for breaking down the broad zone districting of the town.
Judgment for plaintiffs as prayed for in the complaint.
This constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.
Settle judgment on notice.