174 A.2d 27 (1961)
THOMAS C. MARSHALL, INC., Plaintiff,
v.
HOLIDAY INN, INC., Defendant and Third-Party-Plaintiff,
v.
DUTCH PANTRY OF DELAWARE, INC., a Delaware corporation, Third-Party-Defendant.
Court of Chancery of Delaware, New Castle.
September 22, 1961.
William Poole and Hugh Corroon of Berl, Potter & Anderson, Wilmington, and Boynton P. Livingston, of Mason, Fenwick & Lawrence, Washington, D. C., for plaintiff.
Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for defendant and third-party-plaintiff.
Alexis I. duPont Bayard, of Herrmann, Bayard, Brill & Gallagher, Wilmington, for third-party-defendant.
MARVEL, Vice Chancellor.
Plaintiff, the owner of a recently constructed motel at 4000 Concord Pike in Brandywine Hundred, initiated proceedings in this case by filing a complaint in which it sought a declaratory judgment to the effect that plaintiff's use of the trade name Holiday Inn of America Motel (a right granted plaintiff under a license agreement with Holiday Inns of America, Inc.) does not constitute an infringement of defendant's proprietary interests in a nearby restaurant which it operates under the name Holiday Inn. Plaintiff asks that a decree be entered establishing its rights to the unrestricted use of the name Holiday Inn of America in the operation of its business, *28 such being the name of an incorporated national system of motels operating throughout the United States. This national system, comprising some two hundred motels, in return for a stipulated fee grants its licensees the right to use a distinctive inn sign and since 1952 has expended large sums of money in promoting the business of its national system. The defendant corporation on the other hand is not engaged in the hotel or motel business having operated a single local restaurant since 1952 for which it claims to have established an excellent reputation for fine food graciously served.
Holiday Inn, Inc. in answering the complaint also filed a counterclaim in which it alleged on information and belief that plaintiff had leased a portion of its premises to Dutch Pantry of Delaware, Inc. for the purpose of operating a restaurant in connection with its adjacent motel. The counterclaim goes on to allege that the carrying on of such a restaurant business in close proximity to defendant's would mislead the public and injure defendant's business. The counterclaim prays that the use by plaintiff of the name Holiday Inn of America Motel or the use by it of any other name containing the words Holiday Inn for either a motel or restaurant be enjoined as unfair competition and that the leasing by plaintiff of space for a restaurant to be operated by a third person also be enjoined. Substantially the same type of relief against the operation of a restaurant in conjunction with or within the confines of a motel using the name Holiday Inn is also sought by defendant in a separate cross-complaint filed against Dutch Pantry of Delaware, Inc. The latter corporation by answer denies that its operation of a restaurant in premises physically adjacent to the Holiday Inn motel at the intersection of Concord Pike and Garden of Eden Road will cause the public to be deceived and misled, and pleads the affirmative defenses of laches and estoppel.
A motion for a restraining order against the opening of a restaurant in space leased by plaintiff to Dutch Pantry of Delaware, Inc. in an arm's length transaction having been denied, a preliminary injunction was thereafter sought, and this is the decision of the Court on defendant's motion for such relief.
Defendant argues that under modern concepts of what constitute actionable unfair business practices defendant is entitled to an injunction because the showing of improper motives and direct unfair competition such as "palming off" are no longer prerequisites to the granting of relief in such cases. Defendant argues that regardless of plaintiff's intentions injury to defendant's business and a deceiving of the public necessarily result from plaintiff's "doing business" under the name Holiday Inn, 51 West Fifty First Corporation v. Roland, 139 N.J.Eq. 156, 50 A.2d 369, and Great Atlantic & Pacific Tea Co. v. A. & P. Trucking Corporation, 29 N.J. 455, 149 A.2d 595. Compare E. I. DuPont De Nemours & Co. v. DuPont Safety Razor Corp., 32 Del.Ch. 156, 82 A.2d 384.
In light of the undisputed facts of record, however, defendant's contentions appear to be wide of the mark, there being no doubt but that third party defendant's business is not only independently owned and operated but also visibly identified with its own corporate name. In any event, the case is at a preliminary stage and interim injunctive relief is normally granted merely to preserve the status quo and should not be granted unless truly irreparable injury would be suffered by the party seeking such relief were it not to be granted. Furthermore, on an application for a preliminary injunction the equities must be balanced and the probable ultimate results of the case evaluated. Finally, to grant movant's interim prayers would be to allow defendant all the relief it might hope to gain after final hearing and this is rarely done. Compare Gray v. Council of Newark, 9 Del.Ch. 171, 79 A. 735, 739, Williamson v. McMonagle, 9 Del.Ch. 380, 83 A. 139, and *29 Simmons v. Steiner, 34 Del.Ch. 593, 108 A.2d 173.
Defendant's case on the present record is not in my opinion one in which its claimed rights are so clear and convincing as to entitle it to the broad relief which it seeks prior to trial, and an order denying defendant's motion for a preliminary injunction may be submitted.