**DATA GENERAL CORPORATION, a Delaware corporation, Plaintiff Below, Appellant,**

**v.**

**DIGITAL COMPUTER CONTROLS, INC., a Delaware corporation, and John N. Ackley, Defendants Below, Appellees.**

Supreme Court of Delaware.

Oct. 3, 1972.

S. Samuel Arsht and Andrew B. Kirkpatrick, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellant.

Louis J. Finger, of Richards, Layton & Finger, Wilmington, and Richard F. Horowitz, of Weiss, Bronston, Rosenthal, Heller & Schwartzman, New York City, for appellees.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices, sitting.

WOLCOTT, Chief Justice:

These are cross-appeals from the denial of Data General Corporation's (Data) motion for a preliminary injunction and the denial of Digital Computer Controls, Inc.'s (Digital) motion for summary judgment.

Data is engaged in the manufacture of small, general purpose computers. Digital is a competitor.

When Data sells a computer, it also makes available engineers' drawings to the purchaser if the purchaser desires to do his own maintenance and repair work. The proprietary portions of these drawings bear a legend indicating their proprietary nature and that they are not to be used for manufacturing purposes.

Data developed a new mini-computer, the Nova 1200. Digital decided to duplicate, manufacture and sell a mini-computer basically similar to Data's Nova 1200. It purchased from a customer a Nova 1200 sold by Data. Prior to delivery of the Nova 1200, Digital obtained from the customer the engineers' drawings supplied it by Data. Digital then used these plans for the development of its "D–116" computer, substantially similar to, if not a copy of, the Nova 1200.

Data held no patents on the Nova 1200, nor were the engineers' drawings copyrighted. The parties concede that Digital was free to "reverse engineer" the Nova 1200, i.e., it could copy its design by inspection and disassembly of the machine itself. However, Data claims that Digital could not use the engineers' drawings for this purpose, and sought a preliminary injunction to restrain Digital from using its trade secrets and from manufacturing or

selling D–116 computers. Digital moved for summary judgment on the ground that the drawings were not protected. The Court of Chancery denied both the preliminary injunction and the summary judgment. See 297 A.2d 433. Both parties appealed.

Digital's appeal of the denial of its motion for summary judgment is based on two alternate theories.

■ The first theory is that federal patent and anti-trust laws preclude the private prohibition of the use or copying of unpatented or uncopyrighted materials, citing Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964) and its companion case, Compco Corp. v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964).

Digital also argues that United States v. Arnold, Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967), holding that restraints on resale of goods by the original purchaser are violative of the Sherman Act, requires the conclusion that Data cannot restrict the future use of its plans once it put them in the public domain.

The Court below recognized, and we agree, that *Sears, Compco* and *Schwinn* rest upon the conclusion that the material sought to be restricted had become part of the public domain. See Schulenberg v. Signatrol, Inc., 33 Ill.2d 379, 212 N.E.2d 865 (1965), cert. denied 383 U.S. 959, 86 S.Ct. 1225, 16 L.Ed.2d 302 (1966).

In this case, however, there is a factual question of whether or not Data's trade secrets have been introduced into the public domain. Digital urges that Data's dissemination and lack of control measures over the drawings indicate that the drawings were in the public domain at the time Digital obtained a copy of them. However, there is evidence which may lead to a conclusion contrary to Digital's contention. Data's standard contract form contains a statement regarding its proprietary interest

in the drawings which, themselves, bear a legend noting their proprietary nature.

It seems clear that there is a factual issue present in the case at bar which requires the denial of summary judgment. The Vice Chancellor so held and set the matter down for trial on the merits. We think this was the only course open to him.

■ As we said in Continental Oil Co. v. Pauley Petroleum Inc., Del.Supr., 251 A.2d 824 (1969):

"[T]he function of the judge in passing on a motion for summary judgment is not to weigh evidence and to accept that which seems to him to have the greater weight. His function is rather to determine whether or not there is any evidence supporting a favorable conclusion to the nonmoving party."

■ Likewise, Digital's second theory cannot sustain its motion for summary judgment. This theory is founded on the concept that for a trade secret to be protected, it must in fact be a secret. Digital asserts that Data's drawings were no longer secret. It relies primarily on the Restatement of Torts, § 757 and Van Products Co. v. General Welding and Fabricating Co., 419 Pa. 248, 213 A.2d 769 (1965). However, both the Restatement[1] and *Van Products*[2] recognize that absolute

secrecy is not essential. Accordingly, the degree of dissemination of the plans and the sufficiency of Data's efforts to protect the plans are material to the issue of whether or not the plans were secret. In order to resolve this factual issue, a hearing on the merits is required. A summary judgment is therefore inappropriate.

The Vice Chancellor denied Data's motion for a preliminary injunction on the basis that the grant of a preliminary injunction would be a grant of all the relief that Data might hope to obtain as final relief, since it would be limited to the period of time it would take Digital to produce Data's device. He held that Data had failed to establish the requisite likelihood of ultimate success on the merits.

■ The Court of Chancery has broad discretion in granting or denying a preliminary injunction. Richard Paul, Inc. v. Union Improvement Co., 33 Del.Ch. 113, 91 A.2d 49 (Del.Supr., 1952). In this record there is nothing to cause us to disturb the Vice Chancellor's exercise of his discretion, particularly since preliminary injunctions which allow the plaintiff all the relief he could hope to gain are rarely granted. Thomas C. Marshall, Inc. v. Holiday Inn, Inc., 40 Del.Ch. 77, 174 A.2d 27 (Del.Ch., 1961).

The judgment below is affirmed.

---

1. Restatement of Torts, § 757, comment b, states in part:
   "It is not requisite that only the proprietor of the business know it. He may, without losing his protection, communicate it to employees involved in its use. He may likewise communicate it to others pledged to secrecy. * * * Nevertheless, a substantial element of secrecy must exist, so that, except by improper means, there would be difficulty in acquiring the information.

2. The *Van Products* court recognized that "limited publication and experimental usages are not incompatible with secrecy . . . ." 213 A.2d at 780.