**Louis S. GIMBEL, III, Plaintiff Below,**
**Appellant,**

v.

**The SIGNAL COMPANIES, INC., et al.,**
**Defendants Below, Appellees.**

Supreme Court of Delaware.

Feb. 7, 1974.

Rodney M. Layton, Charles F. Richards, Jr., Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, and Denis G. McInerney, F. Arnold Daum, W. Leslie Duffy, William T. Lifland, of Cahill, Gordon & Reindel, New York City, for appellant.

Richard F. Corroon, Robert K. Payson, of Potter Anderson & Corroon, Wilmington, and Alan N. Halkett, of Latham & Watkins, Los Angeles, Cal., for The Signal Companies, Inc. and Signal Oil and Gas Co.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, and Cyrus R. Vance, of Simpson, Thacher & Bartlett, New York City, for Burmah Oil Co.

CAREY and DUFFY, JJ., and TAYLOR, Judge, sitting.

PER CURIAM:

This is a derivative action by a stockholder to enjoin his corporation, The Signal Companies, Inc., from selling all outstanding capital stock of Signal Oil & Gas Company, its wholly owned subsidiary, to Burmah Oil Incorporated. In an exhaustive opinion, the Chancellor ruled that a preliminary injunction would issue restraining the sale on condition that plaintiff give security in the amount of $25 million.[1] Del.Ch., 316 A.2d 599 (1974). The Chancellor denied plaintiff's application for an alternative order which would have permitted the transaction to be completed upon a "hold separate" basis without requiring a bond of such large amount.[2]

---

1. Chancery Rule 65(c) states:

   "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. Any security given as a condition to the issuance of a restraining order shall also constitute security for any preliminary injunction subsequently issued and requiring security."

2. In this context "hold separate" means, in substance, that the parties could consummate the proposed sale but each would be restrained from taking any action which would have the effect of preventing rescission (if ordered).

Plaintiff appeals on two grounds: First, the amount of security required by the Court was unreasonable, and, second, the Court should have implemented its conclusion by a hold separate order.

As the opinion of the Chancellor shows, the facts of the case are complex; but the legal issues, as we see them, are relatively plain. In making our judgment we have assumed without deciding that the issues (as to form of order and amount of security) are appealable. And we have also assumed that the Chancellor had the power to grant relief in the form of a hold separate order as plaintiff requested.[3]

We have concluded that the Chancellor did not abuse his discretion in refusing to issue a hold separate order or in fixing the amount of security. Cf. Data General Corp v. Digital Computer Controls, Inc., Del.Supr., 297 A.2d 437 (1972); Richard Paul, Inc. v. Union Improvement Co., Del. Supr., 33 Del.Ch. 113, 91 A.2d 49 (1952); and see Detroit Trust Co. v. Campbell River Timber Co., 9 Cir., 98 F.2d 389 (1938). His opinion shows a careful concern for all aspects of these matters and a full weighing of their implications. Under these circumstances, his judgment was not arbitrarily made, nor was the result unreasonable.

Applying the traditional standards applicable to review of a ruling by the Court of Chancery in an appeal of the type involved here, the judgment is affirmed. Compare Daniel D. Rappa, Inc. v. Hanson, Del.Supr., 209 A.2d 163 (1965); General Foods Corporation v. Cryo-Maid, Inc., Del.Supr., 198 A.2d 681 (1964).

3. Because of the time urgencies this appeal was heard on an accelerated briefing and argument schedule and a ruling was announced shortly after the hearing was completed. Under these circumstances we made the assumptions stated and considered the appeal on the issues argued.