Margaret HARTMAN and Mary
Miller, Plaintiffs,

v.

David P. BUCKSON and Patricia Buck-
son, his wife, The Town of Camden, a
municipal corporation of the State of
Delaware, and Frank A. Robino, Inc., a
corporation of the State of Delaware,
Defendants.

Court of Chancery of Delaware,
Kent County.

Submitted: June 14, 1983.
Decided: June 24, 1983.

N. Maxson Terry, Jr. of Terry, Jackson, Terry & Wright, Dover, for plaintiffs.

Richard S. McCann and Robert F. Welshmer (argued), of McCann & Welshmer, Newark, for defendants Buckson.

Henry duPont Ridgely of Ridgely & Ridgely, Dover, for defendant Town of Camden.

William S. Hudson of Hudson, Jones, Jaywork & Williams, Dover, for defendant Frank A. Robino, Inc.

LONGOBARDI, Vice Chancellor.

On November 6, 1979, David P. Buckson and Frank A. Robino, Inc. made an application to the Town Council of Camden to construct a subdivision of 88 townhouses on 9.671 acres of land. By letter dated December 26, 1979, the parties were advised by the Camden Town attorney that the application was subject to compliance with the town's zoning ordinance. On January 7, 1980, Buckson and Robino appeared at a Town Council meeting again offering the plan without having complied with applicable zoning regulations. The Council rejected the plan.

Through the winter and spring of 1980, the developers altered their plan and on June 23, 1980, a plan providing for 53 two-story townhouses was reviewed by the Planning Commission. One problem remained.

The Camden zoning ordinance required the developers to provide a minimum average of 7,500 square feet of open space per residential lot. The revised plan provided such an open space area but Buckson reserved the right to future use of that area rather than an outright, unencumbered dedication to its existence as "open space."

The Planning Commission recommended guarantees that the open space remain open. Buckson appealed this decision to the Town Council. Council upheld the Commission after a public hearing on August 18, 1980.

Buckson subsequently took the position that the Camden zoning ordinance, originally passed by the Town Council in December of 1975, was void because it was not passed in compliance with the requirements of 22 *Del.C.* § 304. That statute provides as follows:

. . . no such regulations, restrictions or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least 15 days notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality.

In support of his argument, Buckson contends that an examination of the Council minutes for the relevant period indicates that Camden did not provide for a public hearing or for the necessary publication of the notice of the hearing. The Council countered that the ordinance was enacted pursuant to the provisions of the Camden Town Charter which only requires the posting of such ordinances in two public places. Unfortunately, no one can demonstrate compliance even with the Charter provisions.

Buckson then countered that he was prepared to litigate the invalidity of the zoning ordinance. Council, apparently alarmed at the prospects of litigation and the incidental expenses associated with it, entered into a "compromise" agreement with Buckson.

The "compromise" allows the developers to place 68 houses on 8.193 acres. Obviously, this is substantially different from the plan approved by Council in August of 1980. That plan would have allowed only 53 houses on 10.919 acres.

Subsequent to the "compromise" agreement, the Plaintiffs brought this action against the Defendants seeking an injunction against any compliance with the October 20th agreement. Defendant Buckson has moved for summary judgment asking this Court to determine, as a matter of law, that the Camden ordinance is, in fact, invalid and that the agreement between Camden and Buckson is valid. Plaintiffs have moved for summary judgment requesting that the Camden ordinance be deemed validly enacted, that the agreement between Buckson and Camden be deemed invalid and asking that Buckson be enjoined from building on the property in question until

proper approval has been determined and procedures followed.

The Plaintiffs have argued that Buckson should be estopped or barred by the doctrine of laches from challenging the validity of the Camden zoning ordinances. They insist that his initial compliance with the procedure established by the ordinance, *i.e.,* applying for building permits, going before the planning commission, demonstrated that he recognized the validity of the ordinance and only challenged it when it did not provide him with what he wanted.

■ An estoppel arises when a party, by his conduct or words, intentionally or unintentionally leads another, in reliance on such words or conduct, to change his position to his detriment. *Wilson v. American Insurance Company,* Del.Supr., 209 A.2d 902 (1965); see *Wolf v. Globe Liquor Co.,* Del. Supr., 103 A.2d 774 (1954). There is no basis on this record for finding that the Town of Camden in any way altered its position to its detriment due to Buckson's initial compliance with the procedure of obtaining approval of his plan.

■ The doctrine of laches is applicable when an individual's delay in making a claim works a disadvantage to another, as when an individual alters his position due to the delay. *McGinnes v. Department of Finance,* Del.Ch., 377 A.2d 16 (1977); *Bovay v. H.M. Byllesby & Co.,* Del.Ch., 12 A.2d 178 (1940). Additionally, it has been suggested that the individual who delays in asserting a claim must possess knowledge that his rights have in some way been affected. *Skouras v. Admiralty Enterprises, Inc.,* Del. Ch., 386 A.2d 674 (1978); *Elster v. American Airlines,* Del.Ch., 128 A.2d 801 (1957). In this case, there is no indication that Buckson was aware of any defects in the manner in which the Camden ordinance was adopted at the time he proceeded under the ordinance. There has been no demonstration, therefore, that there was a delay sufficient to establish laches by the Defendant Buckson because there is no showing that Buckson knew about the problems with the

ordinance at the time he attempted to comply with it.

Under the provisions of Article II, Section 25 of the Delaware Constitution, the State Legislature clearly is empowered to delegate zoning authority to any political subdivision of the State. Section 25 provides:

The General Assembly may enact laws under which municipalities and the County of Sussex and the County of Kent and the County of New Castle may adopt zoning ordinances, laws or rules limiting and restricting to specified districts and regulating therein buildings and structures according to their construction and the nature and extent of their use, as well as the use to be made of land in such districts for other than agricultural purposes; and the exercise of such authority shall be deemed to be within the police power of the State.

This constitutional provision is the source of any authority to zone which is possessed by the Town of Camden. Such authority was delegated to Camden under the terms of the statute which established the town charter in May, 1941. 43 *Del.Laws* Ch. 159. Under the terms of this charter, section 28, it was provided that the Camden Town Council:

. . . may adopt zoning ordinances limiting and specifying districts and regulating thereon buildings and structures according to their construction and according to the nature and extent of the business to be carried on therein.

The powers to be exercised under and by virtue of this provision shall be deemed to have been exercised under the police power and for the general welfare of the inhabitants.

■ The exercise of zoning authority under the terms of both the charter and the provisions of Article II, Section 25 of the Constitution of the State of Delaware is designed for the protection of the general welfare and benefit of the entire public.

The Town of Camden is empowered by section 32 of its charter to enact ordinances

or resolutions on any subject within its powers. This would include zoning ordinances. Under paragraph 2 of section 32, however, it is provided that "All ordinances or resolutions of general character relating to the government of the Town shall not be of force and effect until the same shall have been posted in at least two public places in Town." In 1975, the Town Council purported to enact a zoning ordinance under section 28 of its charter. Under this ordinance, the minimum average open space per residential unit was established as 7,500 square feet. Apparently, the Council publicly posted the proposed ordinance for thirty days prior to the adoption in at least one public place then adopted the ordinance on December 1, 1975. Under these circumstances, there are questions concerning the efficacy of that statute.

Plaintiffs, who argue for the validity of the zoning ordinance, admit that there is no clear demonstration that the Council in fact posted the ordinance in two public places. Only one public posting can be verified. Plaintiffs insist that this defect is not necessarily fatal.

■ The question of invalidity really springs from the failure of the Camden Council to follow the procedures provided by 22 *Del.C.* Ch. 3. This is so because the Town charter is merely the font of delegated legislative authority to zone while Title 22, Chapter 3 specifies the procedures and prerequisites which must be followed under state law to make the exercise of that authority effective. Admittedly, the Town charter was promulgated subsequent to the initial enactment of 22 *Del.C.* Ch. 3. However, the charter provision on zoning is the Legislative grant to zone while 22 *Del.C.* Ch. 3 provides the specific prerequisites for implementing that power. The charter provision relative to the enactment of any or all ordinances is not inconsistent in this respect with section 302 but only supplemental. Under 22 *Del.C.* Ch. 3, if the municipality does zone by district, section 304 requires "at least 15 days notice" prior to the holding of a public hearing on the plan

and provides for publication of this notice in a local paper before the ordinance can take effect. Clearly, this requirement was never satisfied by the Town of Camden. Just as clearly, Camden did not comply with its charter provision requiring the posting of proposed ordinances in two public places.

The fact that the Town charter was enacted after the initial enactment of 22 *Del.C.* Ch. 3 is not evidence of a legislative intent to excuse Camden from complying with the purpose or prerequisites of Chapter 3. Nothing in the charter concerning the implementation of zoning ordinances is inconsistent with Chapter 3. It is only that Chapter 3 provides additional protection for the public in the form of notice and opportunity to be heard.

■ The two statutes, therefore, should be construed together so that effect is given to every provision because there is no irreconcilable difference between them. *Green v. County Council of Sussex Cty.,* Del.Ch., 415 A.2d 481, 484 (1980), aff'd., Del.Supr., 447 A.2d 1179 (1982); *Sands: Sutherland Statutory Construction,* 4th Ed., § 5102. Camden could have complied with the notice requirements of 22 *Del.C.* § 304 and with the public posting requirements of section 38(2) of its charter.

■ Plaintiffs suggest that there is a conclusive presumption that the ordinance was properly enacted and that the ordinance cannot be challenged as defective years after it has been accepted and relied on by the public. The authorities they cite for this proposition, however, deal with situations in which (1) the party challenging the statute has not in fact demonstrated the defect in enactment, or (2) where there has been such a delay, generally between ten to twenty years, in challenging the statute, that the Court felt it inequitable to undermine the reliance placed on the statute by the public. See *Taylor v. Schlemmer,* Mo. Supr., 353 Mo. 687, 183 S.W.2d 913 (1944); *Struyk v. Samuel Braen's Sons,* N.J.Super., 17 N.J.Super. 1, 85 A.2d 279 (1951); *Northville Area N.–P.H. Corp. v. City of Walled*

*Lake,* Mich.Ct.App., 43 Mich.App. 424, 204 N.W.2d 274 (1972); *Edel v. Filer Township, Manistee County,* Mich.Ct.App., 49 Mich. App. 210, 211 N.W.2d 547 (1973). In the present case, there is no doubt that the Town of Camden failed to comply with 22 *Del.C.* Ch. 3. Moreover, the five years that passed before this challenge was made to the ordinance is not a sufficient period to bar challenge to the statute under the totality of circumstances in this case. This is particularly so since there is no question that the statutory prerequisites were not satisfied and, therefore, the presumption of validity has been effectively countered. *Cf.* 82 C.J.S. *Statutes* §§ 82–83. Council may not ignore statutorily mandated procedures. *Green v. County Council of Sussex Cty.,* 415 A.2d 481, citing *Welldon v. Capano Realty, Inc.,* Del.Ch., 225 A.2d 486 (1966) and *Green v. County Planning & Zon. Com'n of Sussex Cty.,* Del.Ch., 340 A.2d 852 (1974), *aff'd.,* without opinion, Del.Supr., 344 A.2d 386 (1975).

 The Defendants have argued that the Town of Camden was acting properly in entering into a contract with Buckson. The "compromise", they contend, was an appropriate exercise of Camden's inherent authority to compromise claims against it. See 17 McQuillen, *Municipal Corporation,* 3rd Ed., § 48.17. The Court cannot agree, however, that the contract between these parties is anything but a private agreement to create a particular zoning district for the benefit of Buckson. The agreement itself refers to the plot plan submitted in November, 1979, as the basis for the street plan and layout; to Town subdivision regulations which were deemed applicable; to the developer's responsibility for on-site improvements in particular areas; to the agreement between the parties that the Camden Commons plot plan attached to the agreement is to be the plan accepted except for "minor or insignificant adjustments in property lines and street locations" as required. (See ¶ 18 of the agreement.) Overall, the agreement meets, in this Court's view, the legal definition of zoning, that is,

the division of a community into zones or districts. See 82 Am.Jur.2d *Zoning & Planning* § 79; Anderson, *American Law of Zoning* § 9.01 (2nd Ed.); see also *Santmyers v. Town of Oyster Bay,* N.Y.Supr., 10 Misc.2d 614, 169 N.Y.S.2d 959 (1957). This agreement, in fact, creates a cognizable district in which the erection "construction ... or use of buildings, structures or land" is determined. See 22 *Del.C.* § 303. The fact that only one district was created does not make it any less an exercise of zoning authority. The Town Council "may divide the municipality into districts of such number, shape and area as may deemed best...." *Id.* Here, it chose to create only one.

 While there is no doubt about the Town's ability to compromise claims, there is no question that the Town can only compromise particular types of claims like those "claims which exist in its favor or against it and which arise out of a subject matter concerning which the municipality has the general power to contract." *Anno-Municipal Claims—Power to Compromise,* 15 A.L.R.2d 1359. It may not, under the guise of compromise, impair a public duty owed by it. 56 Am.Jur.2d *Municipal Corporation, Etc.* § 806. By entering into the contract in question, Camden bargained away part of its zoning power to a private citizen. It simply does not possess the authority to normally contract such authority and the fact that this agreement was in furtherance of a compromise, an attempt to avoid Buckson's threats to sue, does not make it any more valid. See 82 Am.Jur.2d *Zoning & Planning* § 17; see *Andgar Associates, Inc. v. Board of Zoning Appeals,* N.Y.Supr., 30 A.D.2d 672, 291 N.Y.S.2d 991 (1968). As aptly put in one case concerning "contract zoning", that is, the contracting by a zoning authority to zone for the benefit of a private landowner:

Zoning is an exercise of the police power to serve the common good and general welfare. It is elementary that the legislative function may not be surrendered or curtailed by bargain or its exercise con-

trolled by the considerations which enter into the law of contracts. The use restriction must needs have general application. The power may not be exerted to serve private interests merely, nor may the principle be subverted to that end. *V.F. Zahodiakin Eng. Corp. v. Zoning Board of Adjust.,* N.J.Supr., 8 N.J. 386, 86 A.2d 127, 131 (1952).

▉ When possible, cases should be disposed of by summary judgment for the result is a prompt and economical way of disposing of litigation. *Davis v. University of Delaware,* Del.Supr., 240 A.2d 583 (1968). Summary judgment will be granted when there is no reasonable indication that a material issue of fact exists and the moving party is entitled to judgment as a matter of law. See *Tew v. Sun Oil Co.,* Del.Super., 407 A.2d 240 (1979); see also, *Vanaman v. Milford Memorial Hospital, Inc.,* Del.Supr., 272 A.2d 718 (1970). In this case, the parties have stipulated at oral argument that there are no additional facts that could be produced on the issue of how the zoning statute was enacted. As a matter of fact, the parties have agreed that there is no factual dispute on the evidence relative to that issue. On that basis, the exercise of deciding the motion for summary judgment was commenced.

For the foregoing reasons, the Defendants' motion for summary judgment is granted to the extent that the Camden zoning ordinance is determined to have been invalidly enacted but denied to the extent that it requests a determination that the contractual agreement between Camden and Buckson is valid. Plaintiffs' motion is granted in that the contractual agreement is deemed an invalid ultra vires exercise of municipal authority.

▉ The Plaintiffs' claim for injunctive relief has been placed before the Court in the context of a motion for summary judgment. The question can be decided as a matter of law since no genuine issues of fact have been found and nothing more is to be submitted in support of the motion. To demonstrate a right to injunctive relief,

the moving party must show (1) irreparable harm; (2) a likelihood of success on the merits, and (3) that the injury Plaintiffs will incur if the injunction is denied outweighs any injury to the nonmovant if the injunction is granted. *Gimbel v. Signal Companies, Inc.,* Del.Ch., 316 A.2d 599, 602 (1974), *aff'd.,* Del.Supr., 316 A.2d 619 (1974). Based on the entire analysis above, the Plaintiffs have demonstrated more than a likelihood of success on the merits of their case. They have, in fact, prevailed.

Due to the imminent injury to both (1) the policies for zoning underlying 22 *Del.C.* Ch. 3 and the Camden charter, and (2) the interests of adjoining landowners, irreparable injury has been shown. A balancing of the equities shows that Buckson is not seriously injured since he has recourse to the Camden authorities like anybody else for approval of a new plan. Buckson is, therefore, currently enjoined from building on his property. The injunction will be effective until such time as he receives a proper approval of a plan submitted and reviewed under a validly enacted zoning ordinance.

IT IS SO ORDERED.