COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 8, 2015[1]
Date Decided: June 9, 2015

K. William Scott, Esquire
Scott and Schuman, P.A.
33292 Coastal Highway, Suite 3
Bethany Beach, DE 19930

Mary G. Matheos
a/k/a Mary Waters
37245 Clam Shell Lane
Selbyville, DE 19975

John Joseph Vizzini
37253 Clam Shell Lane
Selbyville, DE 19975

Barbara Lynn Carr
37253 Clam Shell Lane
Selbyville, DE 19975

Re:     *Keenwick West Property Owners Association v.*
        *Mary G. Matheos, et al.*
        Civil Action No. 11037-VCG

Dear Litigants:

This letter opinion represents my decision on the Plaintiff's request for a

temporary restraining order, heard Friday, June 5, 2015. This matter involves an

allegation that the Defendants, homeowners in Keenwick West[2] and former

members of the Architectural Review Committee for that subdivision, improperly

---

[1] A hearing on the Motion for a Temporary Restraining Order was held by phone on June 5, 2015. I conducted a site visit, discussed below, on June 8, 2015.
[2] The Keenwick West subdivision is located on Dirickson Neck, which separates Little Assawoman and Assawoman Bays, just north of the Maryland state line in eastern Sussex County.

approved one another's applications to erect four-piling boat lifts in the canal adjacent to their properties in violation of the applicable deed restrictions, then installed the improper boat lifts. The Plaintiff is the homeowners association for Keenwick West. It seeks, via this litigation, to have the Defendants remove the offending boat lifts. At the telephonic hearing on June 5, the Plaintiff sought a temporary restraining order prohibiting the Defendants' use of their boat lifts pending a resolution of this matter on the merits.

The path to a temporary restraining order is well-worn. The applicant must show a reasonable probability of success on the merits, threatened irreparable harm absent entry of the restraining order, and that that threatened irreparable harm outweighs the harm that may result if the restraining order is improvidently granted.[3] In this matter, as is typical with a TRO request, the first prong—success on the merits—is of minimal importance given the undeveloped state of the record.[4] It is clear from a review of the Complaint that the Plaintiff has alleged sufficient facts to satisfy this requirement. I turn to an evaluation of threatened irreparable harm and the balance of the equities.

Any interference with the enjoyment of a right in real property involves some quantum of irreparable harm. However, the harm alleged here—that

---

[3] *See, e.g., Gimbel v. Signal Companies, Inc.*, 316 A.2d 599, 601–03 (Del. Ch.) *aff'd*, 316 A.2d 619 (Del. 1974).
[4] *See, e.g., Cottle v. Carr*, 1988 WL 10415, at *2 (Del. Ch. Feb. 9, 1988).

2

Keenwick West property owners must endure their neighbors' improperly-placed four-piling boat lifts pending resolution on the merits—would not be alleviated via an injunction of the *use* of those boat lifts. The Plaintiff alleges that the harm threatened is far greater, however. The Plaintiff argued at the hearing and in the pleadings that use of the boat lifts threatened both the safety and the convenient use of the waterways of Keenwick West, which are canals accessing Roy Creek and Maryland's Assawoman Bay. The Defendants strongly denied this allegation. In order to resolve this issue, I made a site visit by boat to the particular canal in Keenwick West where the purportedly non-complying four-piling boat lifts are located. It was clear on traversing this waterway—which I did in a boat with a 7 1/2 foot beam, without incident—that the lifts in question posed no hazard to navigation or the convenient use of the canals by the owners of Keenwick West or the public.[5] Of course, this has no bearing on whether the Defendants had the right to place these boat lifts adjacent to their property, but it strongly indicates that any irreparable harm that the Plaintiff and its members will have to endure during the pendency of this action—absent relief—is minimal. On the other hand, if the Defendants are correct in their assertion that they had a right to place and use the lifts, they would lose a significant riparian right during the pendency of this action.

---

[5] One of the two boat lifts in question was empty at the time of the site visit, consistent with the relief requested via the TRO; the other contained a vessel, the "*Just J.*" Neither lift impeded navigation, and the lift occupied by the *Just J* was not more intrusive into the navigable portion of the canal than was the empty lift.

I note that this is an action under 10 *Del. C.* § 348 which will be referred to a Master and mandatory mediation, on a statutorily-required expedited basis. Notwithstanding this expedited proceeding, the Defendants risk loss of the use of their boat lifts during the summer boating season.

For the foregoing reasons, I find that on balance, the equities do not favor entry of a temporary restraining order. That request is DENIED. I direct the Court Clerk to refer this matter to the appropriate Master in Chancery for proceedings under 10 *Del. C.* § 348. To the extent that the foregoing requires an order to effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

4