**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: August 25, 2023
Date Decided: September 1, 2023

Richard L. Renck, Esquire
Mackenzie M. Wrobel, Esquire
Tracey E. Timlin, Esquire
Duane Morris LLP
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801

Richard D. Heins, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes, P.A.
500 Delaware Avenue
Wilmington, Delaware 19899

> RE: *Huntington Way Associates, LLC v. RRI Associates LLC, et al.*,
> C.A. No. 2022-0761-LWW

Dear Counsel:

I write regarding the Motion for Stay Pending Appeal (the "Motion") filed by defendants RRI Associates LLC and WB-US Enterprises, Inc. (together, the "Westmont Members"). For the reasons described below, the Motion is denied.

## I.    BACKGROUND

The background of this action is described in my June 30, 2023 letter opinion, in which I granted summary judgment in favor of plaintiff Huntington Way Associates, LLC, f/k/a Kingfish RRI LLC ("Kingfish").[1]  I confirmed an award issued by an arbitral tribunal that held the Westmont Members were obligated to pay

---

[1] *Huntington Way Assocs., LLC v. RRI Assocs. LLC*, 2023 WL 4305050 (Del. Ch. June 30, 2023).

Kingfish $24,155,495, in addition to other relief.[2]  I denied the Westmont Members'

cross-motion for summary judgment asking that the award be vacated.  On August 3,

I granted a Final Order and Judgment implementing these rulings.[3]

On August 11, the Westmont Members filed the Motion, seeking a stay of the

enforcement of the Final Order and Judgment pending their appeal of my decision.[4]

## II.     ANALYSIS

Court of Chancery Rule 62(d) provides that "stays pending appeal and stay

and cost bonds shall be governed by" Delaware Supreme Court Rule 32(a) and

Article IV, Section 24 of the Constitution of the State of Delaware.[5]  Rule 32(a), in

turn, provides that "a motion for stay must be filed in the trial court in the first

instance" and gives this court discretion in deciding whether to grant a stay pending

appeal.[6]  And Section 24 provides that there "shall be no stay of proceedings in the

---

[2] *Id.* at *2-3; *see also* Transmittal Aff. of Tracey E. Timlin in Supp. of Pl.'s Answering Br. in Opp'n to Defs.' Mot. to Dismiss, or in the Alternative, Stay Proceedings (Dkt. 15) Ex. 1 ("Final Award").

[3] Dkt. 73.

[4] Defs.' Mot. to Stay Pending Appeal (Dkt. 74) ("Defs.' Mot.").  The parties have requested an expedited decision on the Motion.  An appeal was filed this morning.

[5] Ct. Ch. R. 62(d).

[6] Supr. Ct. R. 32(a).

court below unless the appellant shall give sufficient security to be approved by the court below or by a judge of the Supreme Court."[7]

When reviewing a request for a stay pending appeal, this court considers four factors: (1) "a preliminary assessment of likelihood of success on the merits of the appeal"; (2) "whether the petitioner will suffer irreparable injury if the stay is not granted"; (3) "whether any other interested party will suffer substantial harm if the stay is granted"; and (4) "whether the public interest will be harmed if the stay is granted."[8]  Because the first factor "directs the trial court to assess the strength of its own reasoning and judgment, 'the "likelihood of success on appeal" prong cannot be interpreted literally or in a vacuum.'"[9]  Instead, the court typically considers the remaining factors before "assessing whether the movant has presented a question that raises a fair ground for review by our Supreme Court."[10]  I proceed accordingly.

Under the second factor, the Westmont Members argue that paying a "substantial sum" risks irreparable harm.[11]  Delaware courts generally do not credit

---

[7] Del. Const. art. IV § 24.

[8] *See Kirpat, Inc. v. Delaware Alcoholic Beverage Control Comm'n*, 741 A.2d 356, 357 (Del. 1998) (citation omitted).

[9] *Zhou v. Deng*, 2022 WL 1617218, at *2 (Del. Ch. May 23, 2022) (citing *Kirpat*, 741 A.2d at 358).

[10] *Rosenbaum v. CytoDyn Inc.*, 2021 WL 4890876, at *1 (Del. Ch. Oct. 20, 2021).

[11] Defs.' Mot. 5.

this contention absent some other showing of potential injury.[12]  In *Quadrant*

*Structured Products Co., Ltd. v. Vertin*, for example, the court noted that a stay could

be appropriate in light of allegations that the company was on the brink of insolvency

and might "not have sufficient resources to pay a money judgment."[13]  No such

circumstance is alleged here.  Rather, the absence of guaranteed repayment is

arguably present in every case where money damages are granted.

On reply, the Westmont Members argue that there is a "strong possibility"

they may not be able to retrieve the funds should they succeed on appeal.[14]  They

aver that because Kingfish is "an entity controlled by an individual" member, they

"believe" the judgment funds will be "co-mingled with other personal assets of the

individual member and/or distributed to others."[15]  This is speculative.  If this

scenario were to arise—the Westmont Members prevail on appeal, the arbitration

---

[12] *Gimbel v. Signal Cos., Inc.*, 316 A.2d 599, 603 (Del. Ch. 1974) ("*Partly* because of the enormous amount of money involved in this case, it is easy to discuss the irreparable injury aspect.  From the plaintiff's point of view, the imminent threat of the closing of the sale does present a situation where it may be impossible to unscramble the eggs.") (emphasis added; citation omitted), *aff'd*, 316 A.2d 619 (Del. 1974); *see also Level 4 Yoga, LLC v. CorePower Yoga, LLC*, 2022 WL 964112, at *1 (Del. Ch. Mar. 31, 2022) (granting relief in part due to difficulty Corepower would face "unwind[ing]" their assumption of 34 yoga studios and accompanying "assets and liabilities" if their appeal were to succeed).

[13] 102 A.3d 155, 203 (Del. Ch. 2014).

[14] Defs.' Reply Mot. in Supp. of Defs.' Mot. to Stay Pending Appeal (Dkt. 79) ("Defs.' Reply") 4.

[15] *Id.*

award is vacated, and Kingfish refuses to return the funds—the Westmont Members can seek appropriate relief.

Regarding the third and fourth factors, Kingfish argues that the issuance of a stay would substantially harm the interests of both Kingfish and the public.[16] I agree. Almost four years have passed since Kingfish attempted to exercise its contractually agreed-upon put option.[17] The award was issued by the tribunal last August. To delay Kingfish's long-fought recovery pending an uncertain appeal would continue to undermine its contractual rights.[18]

The Westmont Members respond that their payment of a "proposed bond" would be "sufficient to cover an estimated period during which post-judgment interest will accrue" and "protect" the judgment.[19] But the four-part *Kirpat* test would collapse if such security was reason enough to grant a stay.[20] And posting a

---

[16] Pl.'s Opp'n to Defs. Mot. to Stay Pending Appeal (Dkt. 77) 12.

[17] Final Award ¶ 113.

[18] *Id.* at Cover Page; *Huntington Way*, 2023 WL 4305050, at *8.

[19] Defs.' Reply 5.

[20] The Westmont Members propose that they pay a "bond in the about [sic] of $30 million," obviating any harm to Kingfish. Defs.' Mot. 9 (citing *Matter of State Insur. Dep't v. Remco Ins. Co.*, 1986 WL 3419 (Del. Ch. Mar. 18, 1986)). This is unpersuasive after *Kirpat*, which made clear that the court should analyze all four factors. 741 A.2d at 35 ("By narrowly focusing only on Kirpat's likelihood of success on appeal, the Superior Court failed to consider all of the relevant factors together to determine where the appropriate balance should be struck.").

bond does not change the reality that further delay will harm Kingfish; it merely guarantees that Kingfish will recover if the Westmont Members lose on appeal.

As to the public interest, the parties agreed to have an arbitrator decide their dispute, the arbitrator issued a decision, and I confirmed an arbitration award following well-established Delaware law. The public policies supporting arbitration and favoring "the finality of judgments also weigh against a stay."[21]

Finally, I return to the first *Kirpat* factor to complete the analysis. "When considering the appeal's likelihood of success on the merits, this Court is called upon not to second guess its decision, but to assess, as objectively as possible, whether the case presents a fair ground for litigation and more deliberative investigation."[22] Doing so typically involves assessing whether the case presents a "novel issue"[23] or concerns unsettled areas of Delaware law.[24] It does not. The matter is rooted in considerable precedent concerning the review of arbitration awards.[25]

---

[21] *Loppert v. WindsorTech, Inc.*, 2004 WL 3092338, at *2 (Del. Ch. Sept. 21, 2004); *see Graham v. State Farms Ins. Co.*, 565 A.2d 908, 911 (Del. 1989) (discussing the Delaware public policy favoring arbitration).

[22] *Wynnefield Partners Small Cap Value L.P. v. Niagara Corp.*, 2006 WL 2521434, at *1 (Del. Ch. Aug. 9, 2006) (citation omitted).

[23] *Id.*

[24] *Zhou*, 2022 WL 1617218, at *4.

[25] *See Huntington Way*, 2023 WL 4305050, at *4-5.

The Westmont Members do not argue that I sailed into uncharted legal waters. Instead, they offer that their appeal will "present a fair ground for litigation and more deliberative investigation."[26] "Merely restat[ing] the arguments it presented to the Court in the first instance" does not, however, "demonstrate a likelihood of success on appeal."[27] This is especially true when the court finds that the remaining three factors weigh against granting a stay.[28]

## III. CONCLUSION

For the foregoing reasons, the Westmont Members cannot be relieved of the judgment against them pending their appeal. The Motion is denied.

To the extent necessary for this decision to take effect, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[26] Defs.' Mot. 8. The Westmont Members also assert that "the ultimate finding on appeal may have broader implications than this dispute as the parties have an ongoing contractual relationship which contains further obligations regarding the purchase and sale of assets," citing inapposite California bankruptcy case law. *Id.* This has no bearing on whether the arguments they intend to raise on appeal involve unsettled or novel issues of law.

[27] *Wynnefield Partners*, 2006 WL 2521434, at *1; *see also Tafeen v. Homestore, Inc.*, 2005 WL 1314782, at *1 (Del. Ch. May 26, 2005).

[28] *Frankino v. Gleason*, 1999 WL 1063071, at *2 (Del. Ch. Nov. 12, 1999) ("[E]ven if defendants [met the] requirements under this first factor, the Court would not stay the judgment as the other three factors of the inquiry weigh against them.").